RUTHERFORD v. WHITE. (No. 1383.)

(Court of Civil Appeals of Texas. Texarkana. March 12, 1915. Rehearing Denied April 1, 1915.)

VENDOR AND PURCHASER ⊜91—FAILURE OF CONSIDERATION—REMEDY OF VENDOR.

Where an agent negotiated for his principal the sale of a worthless note for land, the grantor could recover the land because of a total failure of consideration, and it was immaterial whether the agent, at the time of the negotiation, knew that the note was worthless.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 152; Dec. Dig. ⊜91.]

Appeal from District Court, Franklin County; H. F. O'Neal, Judge.

Action by J. L. Rutherford against B. B. White. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

R. T. Wilkinson and H. L. Wilkinson, both of Mt. Vernon, for appellant. J. H. Beavers, Jones & Jones, and W. G. Russell, all of Winnsboro, for appellee.

LEVY, J. The suit is by appellant to recover 100 acres of land conveyed to appellee on January 19; 1910, in trade or exchange, it is alleged, for a certain vendor's lien note which, it is averred, proved in fact to be not genuine and worthless and against land not in existence. The defendant White answered that appellant conveyed the land to him in payment of agreed commissions as his agent in bringing about and effecting the trade or exchange of 340 acres of land for the note, and that defendant White had no interest in the note and knew nothing at the time of the real facts about the note, if invalid, and made no fraudulent representations respecting the note or the land. The verdict of the jury was in favor of appellee.

In view of the disposition of the appeal, it is deemed unnecessary to set out the evidence. The testimony raised the issue of whether White, in effecting the exchange, was acting as the agent of appellant or as the agent of the purported owners of the alleged note. But, speaking strictly to the statement of facts of this particular record, it is not thought that the evidence authorizes the finding or makes an issue of White's ownership of or interest in the note itself.

The second clause of the third paragraph of the court's charge authorized a verdict for appellant upon the finding by the jury that White negotiated the sale of the note as the agent of Lindsay, Rhone, and Hair,

and knew at the time that the note was worthless. Appellant by his sixth assignment of error predicates error upon the charge upon the ground that it makes appellant's right to recover dependent upon actual notice by White, acting as the agent of Lindsay, Rhone, and Hair, and because it was in direct contradiction to paragraph 5 of the charge. It is thought that the fifth paragraph of the charge correctly stated the law applicable to the issue made by the evidence, and that the clause above mentioned of the third paragraph should not have been given. If White, as agent for Lindsay, Rhone, and Hair, negotiated the sale of the note for all the land, and the note be found as a fact worthless, then appellant could, as charged in the fifth paragraph, recover the land, for the consideration passing from appellant for the conveyance was the note and nothing else. In such instance appellant was not conveying for services rendered to make available innocent purchaser, which was not pleaded. This instruction, it is believed, entirely covers this particular phase made litigable in the facts. And it pertained to a total failure of consideration only. If there was a total failure of consideration, it is entirely immaterial, under the present pleading and evidence, that the agent did not, at the time of negotiating the trade, know that it was worthless. Therefore it was error for the court to submit at all the second clause of the third paragraph of the charge. It is thought that the error was injurious and constitutes reversible error. It is thought that the sixth paragraph of the charge complained of in the seventh assignment of error should upon another trial be omitted, as repetition.

The eleventh assignment of error complains of the refusal to admit certain evidence. According to the bill of exception, the matters offered were exhibited to appellant by Lindsay and White at the time of the exchange. It was admissible as a circumstance, in connection with the other circumstances, bearing upon appellant's reliance upon the genuineness of the note and the fairness of the transaction, as alleged to have been represented by White and Lindsay. It is not thought the other assignments present reversible error under the present record, and they are overruled.

Reversed and remanded.