### STEVENS–ETTER CO. et al. v. GRAIN JUICE CO. (No. 7573.)

(Court of Civil Appeals of Texas. San Antonio. May 12, 1926. Rehearing Denied June 2, 1926.)

1. Trial ⬅141.

Where execution and delivery of notes was admitted, instruction of verdict for payee was not error.

2. Sales ⬅348(1), 428—Maker may set up as defense or by way of cross-action in payee's action failure of consideration and breach of warranty of goods for which notes were given (Rev. St. 1925, art. 2017; Negotiable Instruments Act, § 28 [Vernon's Ann. Civ. St. Supp. 1922, art. 6001—28]; Rev. St. 1911, art. 1329).

Under Rev. St. 1925, art. 2017, and Negotiable Instruments Act, § 28 (Vernon's Ann. Civ. St. Supp. 1922, art. 6001—28), in payee's action on notes, maker was entitled to set up as defense or by way of cross-action failure of consideration and breach of warranty of goods

for which notes sued on were given, notwithstanding maker's claim was unliquidated; Rev. St. 1911, art. 1329, not being applicable.

**3. Sales ⬅⟹288(6).**

Buyer's execution of notes for goods purchased *held* not to waive plea of breach of warranty of goods.

**4. Pleading ⬅⟹187.**

Any defects in plaintiffs' petition should be pointed out by demurrer and plaintiff given opportunity to amend if necessary.

**5. Sales ⬅⟹363, 445(4)—Court's refusal to submit maker's claim for breach of warranty of goods for which notes were given and failure of consideration held arbitrary and unauthorized.**

In payee's action on notes received in payment of goods, *held* that court's refusal to submit defendant's claim for breach of warranty of goods and failure of consideration to jury was arbitrary and unauthorized.

**6. Bills and ˟notes ⬅⟹534—Payee agreeing to cancel one of notes for corporate stock of maker held entitled to recover attorney's fees and interest on such note only to date when stock was tendered to it.**

Where payee agreed to cancel one of notes received for goods in exchange for corporate stock of maker, and such stock was tendered to it, *held* that payee was entitled to recover 10 per cent. attorney's fees and interest on such note only to date when stock was tendered to it.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by the Grain Juice Company against the Stevens-Etter Company and others. Judgment for plaintiff, and defendants appeal. Judgment reformed, and affirmed in part and reversed and remanded in part.

Eugene De Bogory, of Dallas, and Hertzberg, Kercheville & Thomson, of San Antonio, for appellants.

Cecil L. Simpson, of Dallas, for appellee.

COBBS, J. Appellee sued appellants to recover on three promissory notes, one for $2,500, dated September 8, 1921, due one year after date, signed by all the appellants; one for $2,500, dated December 19, 1921, due eight months after date, payable to appellee, signed by Messrs. Stevens, Etter, and Shafer only; and one for $2,500, dated December 19, 1921, due twelve months after date, payable to appellee, signed by Messrs. Stevens, Etter, and Shafer only.

Suit was filed on the 1st day of November, 1922. Attachment was issued to Bexar county and levied on property of W. P. Shafer. Judgment was sought on all three of the notes with a foreclosure of the attachment lien. Stevens, Etter, and Shafer alleged that the notes signed by them alone were executed without consideration, in payment of an al-

leged debt due by the Stevens-Etter Company, and all the defendants plead the consideration failed because the notes were given to plaintiff below in payment of what was known as graino, a cereal beverage, which was sold and delivered to appellants by appellee, at San Antonio, Tex., and which was so highly charged with carbonic gas that it was difficult to draw beer from the keg in which it was contained and fill a glass therefrom; that because of said defective condition of said graino, the Stevens-Etter Company found it impossible to sell it a second time to customers in Southwest Texas and in the city of San Antonio, and lost valuable trade and business good will because of said unmerchantable product.

Appellants alleged that the appellee expressly and impliedly warranted and represented that said graino would be in good condition and fit for the trade, and as a consequence thereof appellants were put to great expense in preparing to handle this beverage, which caused them to sustain a loss of $10,000; that the loss sustained was far greater than what was alleged they owed appellee; and the said Stevens-Etter Company prayed for judgment against plaintiff in the sum of $10,000 damages.

Appellants alleged that the note dated September 8, 1921, for $2,500, or one of the other notes dated December, 1921, was to be canceled and returned to said Stevens-Etter Company in consideration that it issue and transfer $2,500 of the capital stock to appellee; that said note was given and delivered only for the purpose of closing up temporarily the open account representing balance due appellee. The appellee agreed to accept said capital stock in full payment of the note for $2,500; as soon as the stock of appellant could be increased and stock certificates printed it would be delivered; and in accordance therewith on the 13th day of June, 1923, appellant delivered said stock to appellee, but it declined to receive or accept the same.

The case was tried with a jury upon the following issues submitted by the court:

"You are instructed to find for plaintiff as against defendants A. T. Stevens, J. W. Etter, and W. P. Shafer on two of the notes sued on, the same being the notes dated December 19, 1921, to the amount of the principal, interest, and attorney's fees thereof, said amount being on this day the total sum of $6,864, together with the foreclosure of the attachment lien on the property described in plaintiff's first amended original petition filed herein on January 26, 1925."

On which instruction the jury brought in the following answer:

"We, the jury, find for the plaintiff and against the defendants A. T. Stevens, J. W. Etter, and W. P. Shafer on the two notes sued on, being notes dated December 19, 1921, to the amount

of the principal, interest, and attorney's fees in the sum of $6,864, together with the foreclosure of the attachment lien on the property described in plaintiff's first amended original petition filed herein on January 26, 1925."

The other issue submitted was No. 1, requested by defendants, as follows:

"Did the defendant Stevens-Etter Company comply with the agreement made with the Grain Juice Company, plaintiff, in issuing the certificate of stock amounting to $2,500 in the Stevens-Etter Company, and tendering it to the plaintiff on the 13th day of June, 1923, in cancellation of the note dated September 8, 1921, for $2,500 principal?"

To which the jury answered, "Yes."

The defendants requested special issues, all of which were refused, to the effect of whether or not there was any failure of consideration of the two notes dated December 19, 1921, because of the graino being too highly carbonated or charged so as to render it defective and unmerchantable when sold to customers of the defendant, and whether the plaintiff expressly or impliedly warranted that the beverage graino would be in good condition and fit for the trade, and what amount of damages, if any, the Stevens-Etter Company suffered by reason of the condition of said graino sold to defendants Stevens-Etter Company. The defendants objected to the peremptory instruction of the jury on the amount of the two notes sued upon dated December 19, 1921, and to the court's failure to submit the other defenses pleaded by the defendant on failure of consideration of the notes and for damages by way of cross-action.

On January 27, 1925, the court entered judgment against the defendants Messrs. Stevens, Etter, and Shafer for $6,864 with interest, the same being the amount of the two notes dated December 19, 1921, with a foreclosure of the attachment lien, and further entered judgment against all of the defendants for the additional sum of $638.13, the same being the interest on the note sued on dated September 8, 1921, from its date to June 13, 1923, the date of the tender to plaintiff of the stock certificate in the Stevens-Etter Company, and for attorney's fees on the principal of said note and interest, together with interest from date of judgment and foreclosure of attachment lien. The court further found in accordance with the verdict that the plaintiff be required to accept said stock certificate in payment of the principal of the note dated September 8, 1921. The court also found that the law and evidence did not support the cross-action of defendant for damages, and that there was no issue to submit to the jury thereon. Judgment was entered in favor of the plaintiff against said Stevens-Etter Company for all right, title, and possession of the capital stock amounting to $2,500, tendered by defendant to plaintiff.

[1] Under the pleading and evidence there was no error in instructing a verdict for the amount of the notes sued on, for their execution and delivery was admitted. The evidence is undisputed as to them. So that issue is out of the case, and the judgment as to them must be affirmed. That leaves for our consideration only the ruling of the court on the question of the damages claimed by appellant and the refusal of the court to submit that issue to the jury.

[2] The appellee seems to rely upon article 1329, R. S., as supporting the ruling of the court upon that issue, and the court no doubt took the same view. That article provides, if the plaintiff's cause of action be upon an unliquidated demand, the defendant will not be allowed to set off any debt due him of unliquidated or uncertain damages "founded on a tort of breach of covenant." That is not the case here. Article 2017, R. S. 1925, applies here. Appellee sues on a liquidated demand, a "suit be founded on a certain demand," and under said article defendant may "plead in set-off any counterclaim founded on a cause of action arising out of or incident to or connected with, the plaintiff's cause of action." See article 2017, Vernon's Annotated Statutes, vol. 5, and cases cited in the notes thereunder applicable.

There can be no doubt that the claims set up by appellant for failure of consideration and as to the defects in the goods sold, growing out of the defective graino or beer for which the notes sued upon were given, may be set up as a matter of defense by way of cross-action or otherwise. Negotiable Instruments Act, § 28; article 6001—28, Vernon's Ann. Civ. St. Supp. 1922.

[3] Execution of the notes would not waive pleas of breach of warranty. Aultman & Taylor Co. v. Hefner, 67 Tex. 54, 2 S. W. 861. An unliquidated claim may be made as against notes sued upon such as in this case. Tyson v. Jackson, 41 Tex. Civ. App. 128, 90 S. W. 930; Branch v. Howard, 4 Tex. Civ. App. 271, 23 S. W. 478; Brannin v. Richardson (Tex. Civ. App.) 148 S. W. 348; Joyce on Defenses to Commercial Paper (2d Ed.) §§ 344 to 350. That damages arising ex contractu and under the same contract and for breach of warranty or covenant may be shown is sustained universally. Joyce on Defenses to Commercial Paper, §§ 871 to 873.

[4, 5] If there were any defects in appellant's petition the same should have been pointed out by demurrer and appellant given opportunity to amend, if necessary. It was not within the power and authority of the trial court to withhold from the jury against appellant's rights to have his claim considered and passed upon. We regard the action of the court arbitrary and unauthorized.

[6] The court erred in assessing 10 per cent. attorney's fees upon the whole amount. The appellee was entitled to receive 10 per cent. of the interest on the $2,500 note and recover the interest due to the date of the tender of

the stock; that is, 10 per cent. of the interest as attorney's fees and interest also amounting to $388.15. The judgment shows the sum of $638.13 allowed as interest on the 8th of September note, and as attorney's fees on the principal of the note and interest, so that the judgment on that issue must be reformed and reduced in the sum of $250, and by so reducing the $638.13 leaves the amount of $388.13 in lieu thereof. The judgment to that extent will accordingly be affirmed, also requiring appellee to accept $2,500 of the stock of the Stevens-Etter Company in payment of the note of September 8, 1921, and interest to date of tender of stock on June 13, 1923, and canceling the principal of said note and decreeing to appellee the title to said 25 certificates or shares of stock. No error is assigned by appellee, and no complaint has been made nor any appeal by appellee from the judgment.

The judgment of the trial court is reformed and affirmed in part and is reversed and remanded in part.