## J. B. COLT CO. v. KNIGHT & PERRY et al.
### (No. 7928.)

Court of Civil Appeals of Texas. San Antonio.
Feb. 20, 1928.

1. **Pleading** ⟞⟶110—**plea in abatement held waived by permitting continuances for several terms without calling court's attention thereto.**

Defendants, by permitting cause to be continued to succeeding terms without calling court's attention to pleas in abatement urging legal incapacity of plaintiff foreign corporation by reason of having no permit to do business in state, *held* to have waived such plea.

2. **Sales** ⟞⟶428—**Failure to install heating plant as warranted held to bar recovery on notes for lighting and heating system.**

Plaintiff *held* not entitled to recover on note for lighting and heating system, where note was conditional on plaintiff's making good verbal warranties, including installation of heating plant, and plaintiff failed to perform such contract, since such failure of performance operated as failure of consideration.

3. **Sales** ⟞⟶288(2)—**Buyer's use of lighting and heating plant while seller attempted to put it in proper condition held not waiver of breach of warranty.**

Use of lighting and heating system by defendant buyer during time that plaintiff seller was attempting to put plant in proper condition *held* not to amount to waiver or estoppel to set up breach of warranty.

4. **Sales** ⟞⟶126(1)—**Buyer of lighting plant need not rescind until seller's fraud is discovered, or seller's part of contract abandoned.**

One purchasing lighting and heating plant *held* under no duty to rescind contract of sale until fraud of seller was discovered, or seller's part of contract was abandoned.

5. **Bills and notes** ⟞⟶97(1)—**Failure of consideration may be shown as between original parties.**

Consideration of note, as between original parties thereto, may be inquired into in action thereon, and it may be shown that it has failed, either in whole or in part.

Appeal from Nueces County Court; Nat Benton, Judge.

---

Action by the J. B. Colt Company against Knight & Perry and others. Judgment for defendants, and plaintiff appeals. Affirmed.

J. G. Cook, of Sinton, for appellant.

Boone & Savage and Felix A. Raymer, all of Corpus Christi, for appellees.

COBBS, J. This suit was instituted by appellant, J. B. Colt Company, a private corporation, chartered under the laws of the state of New Jersey, with its principal office and place of business in New York City, state of New York, on the 28th of July, 1926, in the county court of Nueces county, Tex., against the partnership firm of Knight & Perry, composed of Joseph Knight and D. H. Perry, of Nueces county, and against said partners individually, to recover upon a promissory note executed by said firm, by D. H. Perry, a partner, to the order of appellant, dated October 5, 1923, due November 1, 1924, with interest from maturity at the rate of 6 per cent. per annum, and the further sum of 15 per cent. additional on the principal and interest owing as attorney's fees, being the agreed rate of attorney's fees in the note; said note being for the principal sum of $391.30.

The appellees, for defense to the action, pleaded fraud of appellant's agent in omitting from the written contract certain verbal warranties, agreements, and promises, failure of consideration, worthlessness of the machines or appliances, or plants, and seek to rescind the contract and note by praying a cancellation of the said note in suit.

[1] The appellee sought to abate the suit because it was a foreign corporation seeking to do business without securing a permit from the secretary of state to carry on business in Texas. Further that appellant waived its plea, etc., by permitting several terms of the court to pass without calling the same to the attention for disposition. This plea was properly overruled. Texas Packing Co. v. St. L. & S. W. Ry. Co. (Tex. Com. App.) 227 S. W. 1095.

The answer of appellant was full and complete by denial, confession, and avoidance. The case was tried by the court, a jury being waived, and judgment was rendered in favor of appellee that appellant take nothing by reason of the suit.

The court made and filed very full and complete findings of fact, which we adopt because supported by the evidence, which because of its great length is too long to be copied herein. Appellant filed lengthy propositions and assignments, none of which are necessary to be incorporated herein, but are considered and passed upon, and the points reflected herein.

It is shown and so found by the trial court that L. L. Roberts was the agent of appellant to make the contract with appellees, and solicited the order for the lighting and heating system for which the note sued on was given. At that time appellee was considering the installing of the Delco lighting system, but it could not be obtained with a water heating device, but appellant's agent, Roberts, represented that the J. B. Colt Company's plant could be obtained with an official and satisfactory water heating device, so it was agreed to install for appellee the lighting plant and a heating device which would furnish sufficient water for appellee's domestic purposes. So Perry was induced to purchase the plant after appellant's agent specifically warranted to install a heating plant of said kind, which was the moving consideration for the agreement to purchase, and he would not have otherwise purchased without such a specific warranty, and the agreement to install a heating device of such character was the reason he accepted appellant's plant in preference to the Delco lighting system. Appellant, through its agent, warranted that the plant would furnish adequate light for appellee's domestic use, giving appellee a sample of the kind to be furnished when said plant would be erected. Appellant secured the signature of appellee to the contract by representing that said written instrument contained all the warrants and agreements verbally made and appellee affixed his signature thereon without reading it "reposing special confidence and trust in plaintiff's said agent, believing the said representations made."

The lighting plant arrived without the heating device. The plant was installed by appellant's duly authorized agent, acting within the scope of appellant's authority, who was instructed to collect the purchase price or obtain a note, which was communicated to appellee. Appellee discovered, after the installation, that said heating device had not been delivered nor installed, and refused payment, and refused to execute the note until the heating plant was delivered and installed.

The trial court found:

"That upon the express promise and warranty of said installing contractor, acting as agent for plaintiff corporation, and representing to be acting within the scope of his authority, to make good all the verbal warranties made by plaintiff's agent, L. L. Roberts, and particularly to install a good workable, efficient water heating device as heretofore agreed upon, defendant D. H. Perry made and signed the note sued on herein and defendant D. H. Perry thereupon made a conditional delivery of said note to plaintiff's agent for plaintiff corporation, conditioned upon the complete discharge and fulfillment of the agreements and warranties made by plaintiff's agent, L. L. Roberts, and said note was so accepted by plaintiff corporation through its agent, and said agreements and warranties were then and there ratified in consideration of the execution and conditional delivery of said note."

On several occasions the special agents, sent by appellant to inspect the heating device and make it workable, acknowledged the verbal warranties left out of the contract.

The trial court further found:

"Several attempts were made by the representatives and agents of the J. B. Colt Company to install a satisfactory water heating device, but none were ever successful. The water heating device installed by plaintiff corporation exploded, after which time J. B. Colt Company abandoned the project entirely and made no further attempt to comply with the warranties made and ratified."

The workmanship and lighting plant was found to be defective and did not furnish satisfactory light for appellees' use. Complaint was persistently made to appellant and during the entire time that appellee used the plant appellant "was making repeated efforts to put the plant in satisfactory shape."

The court made these further findings:

"J. B. Colt Company on two or more occasions, after the installation of the light plant and attempted installation of the heating device, sent their special representative or agent to inspect the operation of the plant and attempt to make it workable and satisfactory. That on each such visit the representative ratified and acknowledged the verbal warranties made by L. L. Roberts, the agent taking the order for the plant.

"D. H. Perry used the lighting plant for approximately 18 months. During such entire period of use negotiations were being carried on between Perry and the J. B. Colt Company, whereby the J. B. Colt Company represented to and led defendant to believe that the water heating device could and would be satisfactorily installed and perfected for service. That during the entire 18 months of said use actual attempts were being made by J. B. Colt Company, through its agent to get said water heating device in proper and satisfactory working order.

"The lighting plant was defective in workmanship and materials. Said lighting plant leaked. It did not furnish satisfactory lights, nor sufficient lights for defendant's use."

We do not feel much drawn to a litigant who is intelligent and a man of affairs, who seeks to avoid the performance of a contract because he did not read the contract he was signing. "He who trusts most must lose most." Whether we take the view that the material terms were left out of the contract by reason of mutual mistake or fraud, the trial court has found that it was a part of the contract. At any rate the appellant has failed to perform his contract and has sold appellee a worthless machine that will not do its work.

[2] We agree with the trial court that appellant failed to perform its contract. The note was conditional and this failure of performance operated as a failure of consideration. In so far as the agreement to install

3 S.W.(2d)—56

the heating device for heating water, for defendant's domestic use, is concerned, there was a complete failure.

[3] We do not think the use made by appellees while efforts were being made by appellant to put the plant in proper condition amounts to a waiver or estoppel. Appellee wanted the correction made and his patience in giving the appellant all opportunity to comply with the contract and give to appellee a useful and correct machine shall not be construed as a waiver or estoppel.

[4] Here appellee abandoned the contract when, and not until, he "found out that they did not intend to put it in workable order, to where it would not leak gas, and I had to discontinue using it." Appellee was under no duty to rescind until the fraud was discovered, or the appellant's part of the contract was abandoned. Appellee rescinded immediately upon discovering the fraud and abandonment of the contract by appellant. The consideration of this contract failed and appellee was in a condition to defend against it.

[5] The case of Branch v. Howard, 4 Tex. Civ. App. 271, 23 S. W. 478, announces a settled rule of law in this state:

"The consideration of a note, as between the original parties thereto, may be inquired into, and it may be shown that it has failed, either in whole or in part."

In South Texas Telephone Co. v. Huntington (Tex. Civ. App.) 121 S. W. 242, the court quotes, with approval, the holding in Drew v. Claggett, 39 N. H. 431, as follows:

"If property has been delivered or money paid under an executory contract which the other party refuses to perform, either wholly or in an essential part, the injured party may either sue for the breach of the contract or treat it as rescinded and sue for the value of the property delivered."

In this case the court also quotes from Beach on Contracts, par. 409:

"Positive and absolute refusal by one party to carry out a contract is in itself an immediate breach of it on his part, and gives the opposite party an immediate right of action." Adams Nat. Bank v. Stone (Tex. Civ. App.) 284 S. W. 989.

Though a county court case, we have for that reason given it much consideration, and overrule all the assignments and propositions of the appellant.

Because we find no error of law that should cause a reversal of the judgment, it is accordingly affirmed.