## FOOD MACHINERY CORPORATION v. MOON et ux.

### No. 5471.

Court of Civil Appeals of Texas. Amarillo.
Oct. 26, 1942.

Bean, Evans & Croslin, of Lubbock, for appellant.

Charles Clements and Griffin & Morehead, all of Plainview, for appellees.

STOKES, Justice.

This suit was instituted by the appellant, Food Machinery Corporation, against the appellees, Carroll W. Moon and his wife,

upon a contract under which appellant agreed to drill an irrigation well on appellees' land in Hale County and install therein a pump and equipment for which appellees agreed to pay appellant the sum of $1,570. The contract price was evidenced by a note, payable 90 days after date, secured by a mechanic's lien on the land, and the contract provided it was to be paid out of the proceeds of a loan to be procured by appellees from the Federal Land Bank of Houston.

Appellees answered by the general issue and specially alleged that appellant never completed the well; that the casing placed in the well by appellant was rusted, rotten, and worthless and that on account of the rusted and rotten condition of the casing, it collapsed and the well caved before it was completed which resulted in the destruction of the well and complete loss of the pump and equipment; that appellant was guilty of negligence in using the worthless casing and its negligence was the proximate cause of the loss; that they had received nothing for the obligation sued upon and the consideration for the contract had failed. They further alleged that the loan for which they applied to the Federal Land Bank had never been approved nor granted by the Federal Land Bank and they were, therefore, not liable to appellant for any portion of the contract price stipulated in the contract.

The case was submitted to a jury upon special issues, in answer to which the jury found that the casing placed in the well by appellant was rotten or worthless; that appellant was guilty of negligence in using the casing which it placed in the well; and that such negligence was the proximate cause of the loss of the well, casing, and other materials placed therein. The court rendered judgment denying appellant any relief and, its motion for a new trial being overruled, it has perfected an appeal to this court.

Appellant contends the judgment should be reversed, first, because the court erred in overruling its objections to the submission of special issues pertaining to the question of negligence upon the ground that the cause of action pleaded by appellant was based upon a contract, and appellees' answer thereto was based upon failure of consideration and not upon a tort or cross-action for negligence resulting in damages; and, secondly, because there was no evidence to support the finding of the jury that the placing of defective casing in the well was the proximate cause of the loss of the well and pumping equipment.

The record shows that appellant employed the services of an independent contractor to drill the well and install the casing. The well was approximately 225 feet deep and the casing was 15 inches in diameter and was manufactured in the appellant's shop at Plainview from steel procured from discarded or used oil tanks. All of the witnesses testified that the steel from which the casing was made was rusty, and most of them testified that it was badly corroded. The contractor who drilled the well and installed the casing said that the steel was rusted and of different grades; that some of the joints were good enough to make a well and some of them were not so good; that there were many pits caused by the rust and that at numerous places the rust had created holes that extended entirely through the steel sheeting. He said that the holes were of various sizes, some of them being as large as hens' eggs, and that around the edges of the holes the casing was reduced to a mere shell and greatly weakened. This witness further testified that upon discovering the condition of the casing he went to the appellant's shop where the casing was manufactured and told the appellant's employes that he was afraid the casing would give way and he did not want to place it in the well. He said they replied that it was all the casing there was and instructed him to go ahead and place it in the well and they would take care of the well. There was a great deal of testimony concerning the necessity of equipping such wells with substantial casing and the result which follows when they are equipped with casing composed of weak and faulty material. The testimony further shows that within a few days after the well was drilled and the pump installed, but while appellant's employes were still working on it in an effort to clear the machinery of sand and complete the construction and equipment of the well, it caved in and the casing collapsed which resulted in the complete loss of practically all of the casing, the pump, and most of the equipment.

As we have said, the jury found that the casing was rotten and worthless and that appellant was guilty of negligence in using it as casing for the well. They also found that such negligence was the proximate cause of the loss of the well and the pump-

ing equipment. Appellant contends that the manner and theory adopted by the court in submitting the special issues was error because the question of its negligence, which sounded in tort, could not be used as a defense against appellant's cause of action, which was upon a contract.

■■ We think the question of whether or not appellant was negligent in placing the rusted casing in the well was not material, but we fail to conceive of any injury that could have resulted to appellant by the submission of that issue. Appellees had pleaded failure of consideration as a defense to appellant's cause of action and prayed for a cancellation of the mechanic's lien and contract. If they were entitled to prevail because the consideration had failed, it would not matter whether, in doing or suffering to be done the things which caused the failure of consideration, appellant was guilty of negligence. The jury found, in effect, that the use of the rotten and worthless casing was the proximate cause of the loss. The question is, therefore, whether the consideration moving to appellees under the contract failed. The law is well settled that want or failure of consideration is ground for cancellation or rescission of a contract, because as to a person who receives nothing whatever of value in exchange for property or money, the transaction operates as constructive or legal fraud. Radford et al. v. Snyder Nat. Farm Loan Ass'n et al., Tex.Civ.App., 121 S.W.2d 478.

■ The contract entered into by the parties contemplated that appellant would drill and equip the well with irrigating machinery, including casing for the well, the pump, and all of the accessories necessary for an irrigation system. That was the consideration for which appellees executed the contract and gave a mechanic's lien upon their land. The testimony shows that before its completion the entire enterprise was abandoned and the casing, the pump, and a large portion of its equipment were left buried or fastened in the well and it was impossible to extricate them therefrom. Appellees therefore received nothing whatever for the note and mechanic's lien executed by them. This constituted a failure of the consideration and was a legal ground of defense against appellant's cause of action, both upon the contract and the mechanic's lien. J. B. Colt Co. v. Knight & Perry et al., Tex.Civ.App., 3 S.W. 879;

Cundiff v. McLean et al., Tex.Sup., 8 S.W. 43; Culver v. Haggard, Tex.Civ.App., 270 S.W. 846; Rutherford v. White, Tex.Civ. App., 174 S.W. 930; Adams Nat. Bank v. Stone, Tex.Civ.App., 284 S.W. 989; Farrell v. Third Nat. Bank in Nashville et al., 20 Tenn.App. 540, 101 S.W.2d 158.

■ While the special issues submitted by the court to the jury were in the form usually adopted in negligence cases, yet the findings of the jury were ample and sufficiently accurate to establish the facts alleged by appellees to the effect that the casing placed in the well was rotten, worthless, and wholly insufficient, and that the use of such casing proximately caused the loss of the well, casing, and other materials that were lost. These were the substantial facts which constituted the failure of the consideration for which appellees had executed the contract and lien and the findings of the jury thereon were amply supported by the testimony. We find no merit in these contentions of appellant and they will be overruled.

■ The court submitted to the jury the question of an unavoidable accident, and appellant contends that the proper interpretation of the answer returned by the jury to this special issue is that the well and its equipment were lost through an unavoidable accident. The special issue as framed by the court and the instruction given to the jury in connection with it, together with the answer returned by the jury, make it exceedingly doubtful as to just what the jury found with reference to the question submitted, but we find no reversible error in this for the reason that the question of unavoidable accident was not in the case and should not have been submitted to the jury. A careful examination of the entire statement of facts has failed to reveal any testimony whatever that would indicate, much less establish, the elements of an unavoidable accident. Whether the jury's answer to the special issue was to the effect that the loss occurred through an unavoidable accident or that it did not, it was wholly immaterial to any legal issue in the case because it was not supported by any testimony. The finding was therefore wholly ineffective for any purpose.

■ The contract entered into by the parties contained the provision that "should the pump be lost or damaged before complete installation by virtue of some defect

in, or the construction or the behavior of the well, then the purchaser will reimburse the seller for such loss or damage." Appellant contends that this provision of the contract covers the circumstances under which the well and equipment were lost; that the loss incurred by appellant amounted to $1,019, after allowing a credit for a small amount of the equipment that was ultimately recovered, and that it was at least entitled to a judgment for that amount. We can not subscribe to this construction of the contract. The provision referred to obligated appellees to reimburse appellant in the event the well and equipment were lost or damaged by virtue of some defect in the construction or behavior of the well. There is no testimony to the effect that the construction or behavior of the well had anything to do with the cave-in. As we have already said, the testimony abundantly supported the finding of the jury to the effect that the well and materials were lost by virtue of the insufficiency of the casing installed therein by appellant. In our opinion, this contention of appellant is not tenable and must be overruled.

The statement of facts in this case is not prepared according to the rules and we have been placed at considerable disadvantage in giving full consideration to the record. Twelve exhibits were introduced by the parties, consisting of the note, contract, mechanic's lien, commitment, a receipt, and a number of other such items, none of which is copied in the statement of facts, but all of which are brought up in their original form, encased in a large envelope designated as page 175 and attached to the back cover of the statement of facts. No order of the court appears in the record permitting the transmission to this court of any of such original exhibits; nor can we conceive of any ground for such an order in the event it had been requested. Rule 379, Texas Rules of Civil Procedure, provides that whenever the trial court is of the opinion that original papers or exhibits should be inspected by the appellate court, it may make an order for transmission in their original form. That is the only manner by which such documents may be presented here and the rule is the only authority we have to consider them in such form. All of the exhibits are plain and legible and no question is raised by either party that would make it necessary

for this court to inspect the original documents. However, the briefs in this case contain sufficient information to apprize us of the pertinent provisions of the contract and contents of the other material exhibits, and by that means we think we have been enabled to discern the issues and contentions of the parties `in respect to the documents constituting the exhibits.

We have carefully considered all of the assignments of error and points presented by appellant and, in our opinion, no reversible error is shown by any of them. The judgment of the court below will therefore be affirmed.