**BRODIE HOTEL SUPPLY, INC.,**
Appellee,

v.

**UNITED STATES of America,**
Appellant.

No. 25702.

United States Court of Appeals,
Ninth Circuit.

Sept. 23, 1970.

Robert V. Zener (argued), Atty., Dept. of Justice, Wm. D. Ruckelshaus, Asst. Atty. Gen., Civil Division, Washington, D. C., Douglas B. Bailey, U. S. Atty., Anchorage, Alaska, for appellant.

R. E. Harris (argued), Jensen & Harris, Anchorage, Alaska, for appellee.

Before CHAMBERS, HAMLEY and KILKENNY, Circuit Judges.

HAMLEY, Circuit Judge:

Brodie Hotel Supply, Inc. (Brodie), brought this action against the United States to determine which of the parties had priority, under their respective chattel mortgages, to the proceeds of the sale of certain restaurant equipment. The facts were stipulated and the property was sold and proceeds impounded by agreement. The district court granted summary judgment for Brodie and the United States appeals.

In 1959, Brodie sold the restaurant equipment to Standard Management Company, Inc., for use in a restaurant at Anchorage, Alaska. Standard Management went bankrupt. Brodie repossessed the equipment but left it in the restaurant. With the consent of Brodie, James Lyon took possession of the restaurant and began operating it on June 1, 1964. Throughout the summer of 1964, Brodie and Lyon negotiated over the price and terms under which Lyon was to purchase the equipment.

On November 2, 1964, Lyon borrowed seventeen thousand dollars from the National Bank of Alaska and, as security for the loan, which was evidenced by a promissory note, executed a chattel mortgage covering the restaurant equipment. This equipment consisted of 159 separate types of items, including a refrigerator, a dishwasher, an ice cream cabinet, spoons, forks, cups, ladles, pots, pans, and assorted glassware and chinaware. The bank assigned its mortgage to the Small Business Administration (SBA), represented in this action by the United States. On November 4, 1964, the bank filed a financing statement, showing the SBA as assignee.

On November 12, Brodie delivered to Lyon a bill of sale covering the equipment. On the same day Lyon executed a chattel mortgage on the equipment, naming Brodie as mortgagee. This mortgage was given to secure the unpaid purchase price of the equipment. Brodie filed a financing statement on November 23, 1964.

■ Alaska has adopted the Uniform Commercial Code (Code). Under section 9–312(5) (a) of the Code (Alaska Statutes [A.S.] 45.05.754(e) (1)), the general rule of priority, if both interests are perfected by filing, is that the secured party who first files a financing statement (in this case SBA as assignee of the bank) prevails, regardless of when his security interest attached. However, there is a special exception for purchase-money security interests in collateral other than inventory. Brodie had such an interest. Under this exception, the purchase-money security interest prevails over conflicting interests in non-inventory collateral if "the purchase money security interest is perfected [*i. e.,* here it was perfected by filing a financing statement] at the time the

debtor receives possession of the collateral or within 10 days after the debtor receives possession." A.S. 45.05.754(d), (Code, § 9–312(4)).

On the basis of these stipulated facts, Brodie moved for summary judgment. Brodie contended that although Lyon received possession of the restaurant equipment on June 1, 1964, over five months before Brodie's financing statement was filed, Lyon did not become a "debtor," and the equipment did not become "collateral" until November 12, 1964, when Lyon received the bill of sale and executed Brodie's chattel mortgage. Accordingly, Brodie contended, it was not until November 12, that "the debtor [Lyon] receive[d] possession of the collateral" within the meaning of the statute referred to above. As already indicated, Brodie's financing statement was filed within ten days of that date. The district court agreed with this analysis in granting summary judgment for Brodie.

If, in A.S. 45.05.754(d), the term "debtor" is given the meaning ascribed to it in A.S. 45.05.698(a) (4), Brodie was entitled to priority.[1] It was not until November 12, 1964, that Lyon purchased the equipment and became obligated to pay the purchase price. Until that obligation came into being, Lyon was not Brodie's debtor with power to mortgage the restaurant equipment as collateral for the unpaid purchase price.

But the United States argues that in the context of this case the priority statute, A.S. 45.05.754(d), is ambiguous as to whether "debtor" is used in the sense defined in A.S. 45.05.698(a) (4), or whether it is used merely to identify an individual in possession, who ultimately becomes indebted to the purchase-money mortgagee. In contending that this "ambiguity" should be resolved in favor of

1. " '[D]ebtor' means the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts, contract rights, or chattel paper; where the debtor and the owner of the collateral are not the same person, the term 'debtor' means the owner of the collateral in any provision of the article dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires;" A.S. 45.05.698 (a) (4) (Code, § 9–105(d)).

the latter construction, the United States refers to the history and underlying purposes and policies of the Code, the assertedly different language of the prior Uniform Conditional Sales Act, and the fact that, under A.S. 45.05.770 (a) (Code, § 9–402(1)) a financing statement may be filed before a security agreement is made or a security interest otherwise attaches, notwithstanding the fact that this section refers to "debtor," "secured party," and "security interest."

■ We are not persuaded that either recourse to the history or consideration of the underlying purposes of the Code supports the Government's position. In our view, the term "debtor" as it is used in this particular priority statute, A.S. 45.05.754(d) (Code, § 9–312(4)), means "the person who owes payment or other performance of the obligation secured." A.S. 45.05.698(a) (4) (Code, § 9–105(d)).[2] Although Lyon might have been liable for the reasonable rental of the equipment or for its return to Brodie, he did not owe performance of an "obligation secured" by the collateral in question until November 12, 1964, and therefore was not a "debtor" for purposes of A.S. 45.05.754(d) (Code, § 9–312(4)). Brodie's filing was therefore within the ten-day period and Brodie has priority over the conflicting security interest held by SBA.

■ The Government has urged us to look at the policy and the purposes of the Code to resolve what it considers to be the ambiguous meaning of "debtor." The Code has granted a specially favored position to the holder of a purchase-money security interest in non-inventory collateral. The holder of such an interest

need not follow the notice procedures which are prescribed for the holders of purchase-money interests in inventory. A.S. 45.05.754(c) (Code, § 9–312(3)). Such a holder is also given a special priority position. His interest, perfected second, but within the ten-day grace period, will prevail over any previously perfected security interest. This priority exists even though the framers of the Code knew that the holder of the conflicting security interest would be relying on the possession of the collateral and upon the absence of a prior filing. Similarly, the holder of a purchase-money security interest in non-inventory collateral will have priority over a previously perfected security interest which includes the collateral by virtue of an after-acquired property clause. Code, § 9–312(4), Official Comment 3. Such a holder therefore is not required to search the files to determine the existence of such a conflicting interest in order to be sure of his priority.

The protection which the Code confers upon a purchase-money interest in non-inventory collateral is not unduly extended by a decision giving priority to Brodie's interest. Although it is true that Brodie could have filed a financing statement as soon as Lyon went into possession and thus protected itself, it is also true that the bank, SBA's assignor, could have protected itself by inquiring into Lyon's interest in the equipment before accepting his chattel mortgage. Due to the favored status given by the Code to the holder of a purchase-money interest in non-inventory collateral, we are not convinced that the trial court erred in refusing to impose this burden on Brodie.

Affirmed.

2. The Code directs the use of its statutory definitions "unless the context otherwise

requires." A.S. 45.05.698 (Code, § 9–105 (1)).