**STATE BANK AND TRUST COMPANY OF BEEVILLE, Appellant,**

v.

**The FIRST NATIONAL BANK OF BEEVILLE, Appellee.**

No. 1969cv.

Court of Appeals of Texas, Corpus Christi.

May 20, 1982.

Rehearing Denied June 25, 1982.

808

Harrell Browning, Harris, Cook & Browning, Charles D. Thompson, Corpus Christi, for appellant.

Marion E. Williams, Jr., Handley & Williams, Beeville, for appellee.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

## OPINION

KENNEDY, Justice.

In this case we face the problem of priority among creditors under the Uniform Commercial Code (hereinafter "the Code"). The collateral in question has already been sold and the proceeds deposited with the district court. Summary judgment was rendered in the lower court in favor of appellee First National Bank of Beeville. We reverse and render.

Ignoring some of the finer details of this appeal concerning names by which the debtor, Bee Printing Company, was designated, the essential facts are these: Appellant State Bank and Trust Company of Beeville, through a series of security agreements executed by the debtor, each of which con-

tained an after-acquired property clause, obtained and perfected security interests in various printing equipment procured by the debtor, including those items here in issue. Subsequently, on March 5, 1979, the debtor executed a promissory note in the amount of $14,892.48, payable to appellee in thirty-six (36) consecutive monthly installments commencing April 5, 1979, the proceeds of which were to be used to pay off the balance of the purchase price of the three (3) pieces of equipment here in issue. The debtor was already in possession of the equipment at the time. A security agreement in favor of appellee covering the specific three (3) items was signed by the debtor on the same date. A check in the principal amount of the note was issued by appellee the following day, March 6, 1979. Appellee filed its financing statement on March 16, 1979. Money is still due and owing to both appellant and appellee, and the debtor has been discharged in bankruptcy.

If appellee's claim is to be given priority over appellant's pre-existing one, such priority must arise from appellee's perfection of its purchase money security interest. Tex.Bus.&Com.Code Ann. § 9.312(d). That section of the Code, as it was in effect at the time, reads:

"A purchase money security interest in collateral other than inventory has priority over a conflicting security interest in the same collateral or its proceeds if the purchase money security interest is perfected at the time the debtor receives possession of the collateral or within ten days thereafter." § 9.312(d) (Vernon's 1968).[1]

In its first point of error, appellant contends that appellee did not comply with the ten day filing provision of Section 9.312(d), and that the priority accorded a purchase money security interest therein is therefore not applicable. We agree.

Bee Printing Company already being in possession of the collateral on March 5,

---

[1]. By amendment effective approximately three months after the transaction in question, this grace period has been extended to twenty days. See § 9.312(d) (Vernon's Supp. 1982).

1979, the date of the transaction, the ten day grace period did not begin to run until the printing company became appellee's "debtor [in] possession of the collateral. . . ." *In re Ultra Precision Industries, Inc.,* 503 F.2d 414, 417 (9th Cir. 1974); *Brodie Hotel Supply, Inc. v. United States,* 431 F.2d 1316, 1319 (9th Cir. 1970). Appellee propounds two reasons why the ten day grace period did not commence until March 6, 1979, (the day on which it issued the check, one day after the execution of the promissory note and security agreement,) under which arguments the March 16th filing would be considered timely. We find each proposition flawed.

First, appellee asserts that Bee Printing Company was not a "debtor" until appellee actually released the funds. The Code provides:

" 'Debtor' means the person who owes payment or other performance of the obligation secured. . . ." Tex.Bus.&Com. Code Ann. § 9.105(a)(4).

It is appellee's contention that no payment was owed, no duty arose, until the funds were actually advanced, its reasoning being that had appellee not advanced the funds there would have been failure of consideration, that being ground for cancellation or rescission of the contract. See *Food Machinery Corp. v. Moon,* 165 S.W.2d 773, 775 (Tex.Civ.App.—Amarillo 1942, no writ). In this appellee seems to equate failure of consideration with condition precedent. The two are by no means synonymous. The former is a defense, an excuse for not performing a duty, whereas the latter is a condition which must be fulfilled before a

duty arises. In construing a contract, if the existence of a condition precedent is doubtful, we will not deem the presence of a duty to be contingent upon one. See 13 Tex. Jur.2d *Contracts,* § 151, p. 335. The promissory note presently before us leaves absolutely no doubt that the borrower was unconditionally bound to make the payments called for therein upon signing it. While the failure of consideration defense may have been available had the funds not been released by appellee, the duty nevertheless arose when the instrument was executed. We hold that Bee Printing Company became a "debtor" of appellee, as that term is defined by the Code, on March 5, 1979, when the note was signed.

Second, appellee contends that its purchase money security interest had not attached until its release of the funds in that until that time no "value" had been given the debtor. Tex.Bus.&Com.Code Ann. § 9.203(a)(2) (Vernon's Supp. 1982).[2]

The promissory note represented a binding loan commitment, a promise on the part of appellee to extend credit to the debtor, which constituted "value" given.[3] *In re Terminal Moving & Storage Co., Inc.,* 631 F.2d 547, 29 U.C.C.Rptr. 679, 683 (8th Cir. 1980); *Mazda Motors of America, Inc. v. Southwestern Motors, Inc.,* 36 N.C.App. 1, 243 S.E.2d 793, 24 U.C.C.Rptr. 423, 426 (N.C.App.1978).

We hold, therefore, that appellee's ten day grace period in which to perfect its purchase money security interest as against other secured creditors began to toll on March 5, 1979, and that its filing of its financing statement on March 16th was not

---

**2.** That section of the Code reads, in pertinent part:

"Subject to the provisions of Section 4.208 on the security of a collecting bank and Section 9.113 on a security interest arising under the chapter on Sales, a security interest is not enforceable against a debtor or third parties with respect to the collateral and does not attach unless

(1) the collateral is in the possession of the secured party pursuant to agreement or the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops growing or to be grown or tim-

ber to be cut, a description of the land concerned; and

(2) value has been given; and

(3) the debtor has rights in the collateral."

**3.** "Value" may be, inter alia, "any consideration sufficient to support a simple contract." Tex.Bus.&Com.Code Ann. § 1.201(44)(D) (Vernon's 1968). See also *Bank of Lexington v. Jack Adams Aircraft Sales, Inc.,* 570 F.2d 1220, 23 U.C.C.Rptr. 1008 (5th Cir. 1978) (holding that under § 1.201(44) value need not necessarily be tantamount to consideration in the strict common law sense).

timely. There being no questions of fact requiring the further attention of the district court, we REVERSE the judgment of that court and RENDER judgment in favor of appellant.