**In re Kevin P. HENNING, Debtor.**

**Bankruptcy No. 84B14131.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 13, 1987.

Joseph E. Cohen, Chicago, Ill., Trustee.

Richard T. Jones of Caldwell, Berner & Caldwell, Woodstock, Ill., for Thomas E. Lalor, creditor.

Michael T. Neese of Deneen, Stone & Neese, Woodstock, Ill., for First State Bank of Harvard.

### MEMORANDUM OPINION AND ORDER

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter comes before the Court on the objection of Thomas E. Lalor, a creditor herein, to the application of the Trustee to disburse the proceeds arising from the sale of the debtor's assets between certain of the debtor's secured creditors. The First State Bank of Harvard ("Bank") filed an-

swers to Lalor's objection.[1] For the reasons hereinafter set forth, Lalor's objection is denied and the Trustee's application is approved as herein amended.

On November 7, 1984, the debtor, at that time a dairy farmer, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. (11 U.S.C. § 101 *et seq.*). Joseph Cohen was appointed interim trustee of the debtor's estate. On December 28, 1984, the trustee sold at public auction the debtor's assets consisting of farm equipment and dairy cattle. There remains from the proceeds of the sale of the cattle after expenses and disbursements previously approved by the Court a total of $48,663.07.

In his application for leave to disburse these funds, the trustee proposed to distribute the proceeds to the following secured creditors:

| | |
|---|---|
| First State Bank of Harvard | $37,313.07 |
| Thomas Lalor | 6,755.00 |
| Kenyon Brothers | 4,595.00 |
| | $48,663.07 |

The Trustee's proposed disbursement is based on his review of the lien documents and the identification of the sold cattle. There is no objection by any party to the proposed payment of $4,595.00 to Kenyon Brothers and the same is allowed.

Lalor objects to the Trustee's proposal claiming his security interest has a priority over the First State Bank of Harvard on the basis of his claimed purchase money security interest in the cattle sold. The

Bank denies that Lalor has a priority interest in the proceeds other than as set forth in the Trustee's application.

Lalor's objection seeks a determination of the priority of liens claimed by the Bank and Lalor.[2] This Court has jurisdiction to hear and determine this matter under 28 U.S.C. § 1334 and the General Order of the United States District Court for the Northern District of Illinois dated July 10, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

The parties have submitted to the Court a Stipulation of Facts which provides,[3] in relevant part, as follows:

On April 7, 1982 the Bank filed a U.C.C. Financing Statement with the McHenry County Recorder naming the debtor and claiming a security interest in, "All cattle ... now owned or hereinafter acquired" as well as other personal property. The Bank extended loans to the debtor on the dates and in the amounts indicated below:

| Date of Loan | Amount of Loan |
|---|---|
| 11–17–83 | $47,224.57 |
| 12–09–83 | 2,700.00 |
| 01–26–84 | 3,000.00 |
| 05–05–84 | 10,000.00 |
| | $72,924.57 |

These notes were supported by appropriate security agreements and the Bank and Lalor agree that the Bank has a perfected security interest in the items, including all cattle, as set forth in its financing statement and security agreements.

1. On December 15, 1986, the Court received in the mail a document entitled "Memorandum in Response to the Memorandum of Thomas E. Lalor, and in Support of the First State Bank of Harvard's Secured Interest in the Proceeds of Sale." Earlier, the Court had set November 28, 1986 as the last date on which the Bank's Memorandum could be filed. The Bank neither sought nor received permission to file a late brief. Therefore, the Bank's Memorandum is stricken and has been disregarded by this Court. The Bank must stand on the documents it has previously filed in this case.

2. Bankruptcy Rule 7001 requires that a party seeking a determination of the validity, priority or extent of a lien bring an adversary proceeding. The issues herein have been raised by a creditor in response to a motion by a trustee.

Technically, Lalor should have also filed an adversary case naming the trustee and the Bank as defendants. However, the Bank has not objected to the Court ruling on these matters in its current procedural context and it would serve no purpose and be a waste of judicial and the parties resources to order an adversary case be filed at this point. In addition, Bankruptcy Rule 3007 had the affect of converting this proceeding to an adversary proceeding governed by Part VII of the Bankruptcy Rules.

3. Attached to the Stipulation of Facts are certain exhibits to which the parties have stipulated to their admissibility. Some of the facts in the Court's narrative are taken from these exhibits in order to establish a clear picture of the facts even though not included in the parties Stipulation of Facts.

Lalor filed his U.C.C. financing statement on August 22, 1984 covering 31 specific head of cattle designated by the list of ear tag numbers on this financing statement. A note for $72,400.00 from the debtor to Lalor dated August 21, 1984 as well as an appropriate security agreement was delivered to Lalor on or about August 21, 1984. The note represents obligations of the debtor to Lalor for the purchase of cattle delivered to the debtor between April, 1982 and August, 1984. Of the cattle delivered by Lalor to the debtor, only four were delivered within the twenty-days of the filing of Lalor's financing statement. None of those four cattle is identifiable as being sold at the auction.

Twenty-three (23) of the cattle sold by the trustee are identifiable as having been sold to the debtor by Lalor.

Lalor claims that his purchase money security interest in the thirty-one cows is superior to the security interest of the Bank by virtue of the priority rules set-forth in Ill.Rev.Stat. ch. 26, ¶ 9–312(4) which provides:

A purchase money security interest in collateral other than inventory has priority over a conflicting security interest in the same collateral or its proceeds *if the purchase money security interest is perfected at the time the debtor takes possession of the collateral or within twenty days thereafter.* (emphasis added)

Ill.Rev.Stat. ch. 26, ¶ 9–312(4). If Lalor can bring his security interest within this special category, his security interest in the proceeds of the sale of the cattle will have priority over the Bank's as to the identifiable twenty-three cattle. Lalor's security agreement, however, does not meet the requirements of ¶ 9–312(4).

In order to come within the strictures of ¶ 9–312(4), Lalor must have sold the cows to the debtor and retained a collateral interest in the cows to secure either all or part of the purchase price (Ill.Rev.Stat. ch. 26, ¶ 9–107) and Lalor must also have perfected that security interest by the filing of a financing statement within twenty days of

the time that the debtor took possession of the cows. *First National Bank of Vandalia v. Trail Ridge Farms, Inc.*, 143 Ill.App. 3d 244, 97 Ill.Dec. 371, 375, 492 N.E.2d 1030 (1986). Although Lalor may have met the first requirement, that is he may have retained a collateral interest in the cattle sold, he did not meet the second, the perfection of that interest in the manner required by the statute.

Lalor filed his financing statement covering 31 cows sold to the debtor on August 22, 1984. By Lalor's own admission, the debtor took possession of only four cows in the twenty-day period preceding the filing of the financing statement. None of these four cows were identified as having being sold at the trustee's auction. The remaining 27 cows were delivered to the debtor between April, 1982 and August, 1984. Lalor's purchase money security interest in these 27 cows cannot have a priority over the Bank's prior-in-time security interest because Lalor failed to meet the requirements of ¶ 9–312(4).

■ The only way Lalor could prevail in this action is if he retained title to the cows after delivery to the debtor. Section 2–401(2) of the Illinois Commercial Code provides that unless otherwise "explicitly" agreed, title passes to the buyer at the time and place at which the seller completes his performance. Ill.Rev.Stat. ch. 26, ¶ 2–401(2). In this case there is no evidence, either implied or explicit, that Lalor retained title to the cows after delivery to the debtor. Therefore, title to the cows transferred to the debtor upon delivery and that is when the twenty-day period provided for in ¶ 9–312(4) began to run. *North Platte State Bank v. Production Credit Association of North Plattee*, 189 Neb. 44, 200 N.W.2d 1, 5 (1972).

The result of Lalor's failure to file the required financing statement is that the Bank, having filed its financing statement prior to Lalor's, has a prior perfected security interest in all of the proceeds of the sale to the extent of the debtor's secured debt to the Bank. The Bank's indebtedness, $72,924.57, exceeds the $44,663.07 re-

maining balance from the proceeds of the Trustee's sale. Therefore, Lalor is not entitled to any of the proceeds.

■ Lalor cites *Brodie Hotel Supply, Inc. v. United States of America*, 431 F.2d 1316 (8th Cir.1970) to support its position that the twenty day period in ¶ 9–312(4) is not triggered on the delivery of the cows, but commences when the obligations to pay for the cows arose. Lalor argues that this did not occur until the debtor signed the promissory note dated August 21, 1984, one day before he filed the financing statement in question. The *Brodie* case, however, is distinguishable from the case at bar[4]. In *Brodie*, the hotel was negotiating with Lyons to sell a restaurant which was located in the hotel. The negotiations commenced in June, 1964 and during the negotiations, Lyons was allowed to operate the restaurant. No sale had yet occurred. On November 2, 1984, Lyons borrowed $17,-000.00 from the National Bank of Alaska and pledged as security the restaurant equipment which he did not own. On November 12, 1984, Lyons closed the purchase of the restaurant and pledged the restaurant equipment to the hotel as security for the note the hotel received as part of the purchase price. The Hotel filed a financing statement within 10 days of closing. The *Brodie* Court determined that the Hotel had a perfected purchase money security interest in the restaurant equipment which had priority over the bank's prior-in-time security interest. The Court stated: "Although Lyons might have been liable for the reasonable rent of the equipment or for its return to Brodie [the hotel], he did not owe performance of an obligation secured by the collateral in question until November 12, 1964, . . ." *Brodie*, 431 F.2d 1319. In other words, Lyons could have backed out of the purchase prior to that date because the hotel and Lyons had never reached a meeting of the minds until that date.

In the case *sub judice*, there is no evidence that the debtor was not obligated to pay for the cows when they were delivered or that the price per cow was not set at delivery. The "deal" was complete as to all terms other than time of payment outside the twenty-day period. The debtor was obligated to Lalor upon delivery of the cows. In *Brodie*, even though Lyons had been operating the restuarant for over four months, he was not obligated to the hotel until the sale closed on November 12, 1964. Also, the restaurant equipment never left the hotel premises.

As stated *supra*, the Bank has a prior perfected security interest in all the proceeds from the sale of the cattle. The bank has not objected to the trustee's proposed disbursement and in fact, in its answer to Lalor's objection, the Bank urges that "the Court authorize and direct distribution as proposed by the trustee with a payment to the First State Bank of Harvard in the sum of $33,313.07" leaving $6,755.00 for Lalor. The Court, however, is compelled to order the trustee to disburse to the Bank the entire remaining balance of $44,068.07. There has been no attempt here by the Trustee or the creditor to avoid the lien of the Bank under the relevant provisions of Bankruptcy Code. The only issue raised by the Trustee's application and Lalor's objection is one of priority of the Bank's lien, not its validity. The Court is therefore without authority to diminish the effect of the Bank's perfected lien. *In re Tarnow*, 749 F.2d 464 (7th Cir.1984).

NOW THEREFORE, IT IS ORDERED THAT:

1. Lalor's objection to the Trustee's proposed disbursement is denied.

2. The Trustee's application to disburse the remaining funds is approved as follows:

---

4. Even if *Brodie* were not distinguishable, the Court would decline to follow it for the reasons set forth in *In re Automated Bookbinding Services, Inc.*, 471 F.2d 546 (4th Cir.1972) (holding that possession of the collateral by the debtor is the appropriate measuring date.). *See also*

*James Talcott, Inc. v. Associates Capital Company, Inc.*, 491 F.2d 879 (6th Cir.1974). The Court was unable to find any Illinois cases dealing with the issue and none has been cited to the Court. *See* page 350 *supra* discussing Ill.Rev. Stat. ch. 26, ¶ 2–401(2).

$44,068.07 to the First State Bank of Harvard and $4,595.00 to Kenyon Brothers.