**Don MOONEY and United States Fire Insurance Company, Appellants,**

v.

**PRODUCERS GRAIN CORPORATION, Appellee.**

No. 8567.

Court of Civil Appeals of Texas, Amarillo.

Dec. 31, 1975.

Gibson, Ochsner, Adkins, Harlan & Hankins (John Huffaker), Amarillo, for appellants.

Underwood, Wilson, Sutton, Berry, Stein & Johnson (Edward H. Hill), Amarillo, for appellee.

ROBINSON, Justice.

Producers Grain Corporation filed a motion for damages against Don Mooney, Sheriff of Baylor County, and the United States Fire Insurance Company, the surety on Sheriff Mooney's indemnity bond, for failure to levy execution when execution might have been levied on property of plaintiff's judgment debtors Melvin and Kathlee Niell. Defendants, sheriff and surety, answered by general denial only. After a trial without a jury, the trial court found that the judgment debtors had property subject to execution within Baylor County at the time the writ of execution was in the sheriff's hands; expressly held that the defense of due diligence was not tried by consent; and rendered judgment for plaintiff for the amount of the Niells' judgment debt. Defendants appeal. We affirm.

The finding that there was property in the county subject to execution at the

time the writ was in the sheriff's hands is supported by sufficient evidence. The question before us is whether the sheriff and his surety nevertheless may prevail by showing that the sheriff used due diligence in attempting to execute the writ in the absence of an affirmative defensive pleading of excuse.

Article 3825, Vernon's Ann.Civ.St., provides as follows:

Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties.

In *U. M. & M. Credit Corporation v. Doss*, 452 S.W.2d 45 (Tex.Civ.App., Dallas 1970, writ ref'd n. r. e.), the court discussed the application of Article 3825 as follows:

The plaintiff having shown prima facie, by pleading and proof, that there was property of some substantial value in the possession of the defendant subject to execution, the burden was then upon the officer either to disprove the facts shown by plaintiff (which he may do under a general denial) or, "if the facts alleged are true, and he wishes to explain or avoid them, he must aver, specially, the matters of avoidance or explanation upon which he relies." *Smothers v. Field, Thayer & Co.*, 65 Tex. 435, 438 (1886); *Roos v. Gardner*, 45 S.W.2d 633 (Tex.Civ. App., Dallas 1931, writ dism'd). By the same token, in our opinion, he would also be under the burden of both pleading and proving, if he can, in mitigation of plaintiff's damages that a levy and sale thereunder would have produced less than the amount of the judgment. These were affirmative defenses which it was necessary for him to plead specially. Rule 94, Vernon's Texas Rules of Civil Procedure; *Smothers v. Field, Thayer & Co.*, supra.

Defendants cite *Hackler v. Kohnstamm & Co. of Texas*, 227 S.W.2d 347 (Tex.Civ.App., Dallas 1950, no writ) and *Underwood v. Russell*, 4 Tex. 175 (1849), for the proposition that a reasonable excuse for the sheriff's failure to levy will be heard in spite of the fact that the language of Article 3825 is imperative and does not admit of any excuse. However, defendants cite no case in which it is shown that excuse was not pleaded but was still available to defeat liability of the officer.

We conclude that the contention that the sheriff exercised due diligence is an affirmative defense which must be both pleaded and proved if the sheriff is to rely on it to excuse his failure to levy after plaintiff has established that there was property within the county subject to execution.

We do not reach defendants-appellants' points of error contending that plaintiff cannot recover against the sheriff for making a false return under Article 3826, V.A. C.S. We do not reach plaintiff-appellee's counterpoints because our holding results in affirmance of the judgment for plaintiff.

■ Appellee's motion to strike the statement of facts is overruled. The statement of facts includes the portion introduced in evidence of certain depositions. The depositions as a whole were not introduced in evidence. Thus, the original depositions themselves which were sent to this court along with the transcript are not properly before us and have not been considered by this court. See *Spring Branch Independent School District v. Lilly White Church*, 505 S.W.2d 620 (Tex.Civ.App., Houston [1st Dist.] 1973, no writ).

Affirmed.