**PUROLATOR ARMORED, INC.,**
Appellant,

v.

**The RAILROAD COMMISSION OF TEXAS, et al., Appellees.**

Nos. 13771, 18012.

Court of Appeals of Texas,
Austin.

Nov. 16, 1983.

Ben Sarrett, Mauro, Sarrett & Wendler, Austin, for appellant.

Mark White, Atty. Gen., Douglas Fraser, Asst. Atty. Gen., Austin, for The Railroad Com'n of Texas.

Thomas F. Sedberry, Small Craig & Werkenthin, Austin, for Wells Fargo Armored Service Corp.

Before SHANNON, POWERS and GAMMAGE, JJ.

POWERS, Justice.

Purolator Armored, Inc. sued the Texas Railroad Commission for judicial review of the agency's final order granting to Wells Fargo Armored Service Corporation a certificate of convenience and necessity. The certificate authorizes Wells Fargo to transport coin, currency, and similar articles between points in 143 Texas counties. After a review based upon the agency record, the district court affirmed the Commission's final order and Purolator appealed to this Court. Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ.

Stat.Ann. art. 6252–13a, §§ 19, 20 (Supp. 1982); Tex.Rev.Civ.Stat.Ann. art. 911b, § 20 (1964).

The Commission moved that we dismiss Purolator's appeal, or affirm the judgment below, on a theory that the agency record is not validly before us for review because it was not introduced in evidence in the district court and, consequently, not brought forward to this Court as part of a statement of facts or as an original exhibit. Instead, the duly certified agency record was filed in the district court and transmitted to us in its original form on authority of the trial judge's order, a copy of which is included in a supplemental appellate transcript. The order directs that the agency record be transmitted to this Court in its original form "pursuant to" Tex.R.Civ.P. Ann. 379, 428 (Supp.1982). The parties do not dispute the accuracy and completeness of the agency record.

We are thus called upon to consider whether the agency record *must* be introduced in evidence in district court, as an exhibit, in appeals taken from the final orders of administrative agencies under APTRA § 19, when the judicial review authorized by that statute is other than by trial de novo. The issue has not previously been determined in Texas. In the single applicable decision from another jurisdiction, involving almost the same statutory language material to the present appeal, it was held that the agency record need not be introduced in evidence.[1] We reach the same

---

1. The Supreme Court of Nebraska, in *Maurer v. Weaver*, 213 Neb. 157, 328 N.W.2d 747, 750 (1982), construed a provision, found in that State's administrative procedure act, which required that the agency "prepare and transmit to the court a certified transcript of the proceedings had before it . . . ." The agency record was so "transmitted" to the reviewing court. After hearing on the plaintiff's petition for review, the reviewing court discovered that the agency record had not been "marked and offered in evidence," whereupon the court dismissed the petition on the theory that it had before it "nothing to rule upon."

The Supreme Court of Nebraska reversed the order of dismissal and remanded the cause with instructions, holding

that where appeals are taken from an administrative agency to the District Court, pursuant to the provisions of § 84–917, the certified transcript as prepared by the agency and transmitted to the court *shall be considered to be before the court* and shall, unless objected to by one of the parties, be considered without the need of either party formally offering the record into evidence.

328 N.W.2d at 750 (emphasis added). We agree with the holding, of course, but find unnecessary and somewhat strained a minor part of the Court's rationale where it states:

It is the record of the agency which § 84–917(4) requires the agency to prepare, certify, and transmit to the court. *In effect*, the agency, in preparing the certified record and

conclusion and will overrule the Commission's motion.

■ The manner of judicial review authorized in the present case "is other than by trial de novo," and the applicable scope of review is by the substantial evidence rule.[2] Therefore, judicial review in the present case is based upon the record of agency proceedings and governed by APTRA § 19(d) together with the applicable part of APTRA § 19(e). Consequently, the discussion which follows has no application to suits for judicial review of administrative agency final orders where the authorized manner of review is by trial de novo.

> "*transmitting it to the court,*" *offers the record in evidence.*
> 328 N.W.2d at 750 (emphasis added). There was no need to resort to the fiction, especially since the Court had previously pointed out that the Nebraska statute *did not require* introduction of the agency record in evidence, but required judicial review *on* the record of the agency as transmitted to it, the contents of which were prescribed by law, as they are in APTRA § 19(d)(1), that is "the entire record of the proceeding under review." *See* APTRA § 13(e). In the *Maurer* opinion it is indicated that the transcript was "filed" in the district court by the agency. The Nebraska statute, like APTRA, does not require that the agency record be "filed" in the district court, except by necessary implication from the statutory requirement that the agency prepare and transmit the record to the reviewing court.
>
> 2. *These statements are contrary to the language* to Tex.Rev.Civ.Stat.Ann. art. 911b, § 20. That statute provides that proceedings for judicial review of the Commission's final orders shall be "tried and determined as other civil causes" *in the district court, and that* "the *burden of proof* shall rest upon *plaintiff,* who must show by the *preponderance of evidence* that the [Commission's orders] are unreasonable and unjust to it or them." (emphasis added) In *Texas Industrial Traffic League v. Railroad Commission,* No. 13,380, Tex.App.—Austin, September 7, 1983 (not yet published), we held that this statutory provision for judicial review required trial de novo, and that the substantial evidence rule was inapplicable, in suits for judicial review of the Commission's exercise of its *ratemaking* power. Notwithstanding the *language* of art. 911b, § 20, the Supreme Court of Texas has reviewed on the basis of the *agency record,* and under the substantial evidence rule, orders by the Commission granting motor-carrier certificates.... *Railroad Commission v. Continental Bus Sys-*

At the times material to the present case, no statute or rule of procedure specifically prescribed the manner by which the agency record should be made a judicial document so as to be brought to the Court of Appeals in the further judicial review authorized by APTRA § 20.[3] That statute provided merely that "[a]ppeals from any final judgment of the district court may be taken by any party *in the manner provided for in civil actions generally* ...." (emphasis added).

■ The Texas Rules of Civil Procedure govern the manner in which appeals are to be taken to the Court of Appeals "in civil cases generally."[4] Texas R.Civ.P.Ann.

*tem,* 616 S.W.2d 179 (Tex.1981). We conclude, therefore, that the present suit to review the Commission's issuance of a certificate to Wells Fargo requires the same manner of review.

3. Section 19(d) of APTRA *has been amended to* provide that the agency record shall be filed with the district clerk *and* offered and admitted into evidence as an exhibit. Act of June 19, 1983, H.B. 1434, § 1. We are not required in *the present appeal to consider the effect of the* amendment.

4. The Texas Rules of Civil Procedure were, of course, designed to govern the proceedings in *an ordinary civil case where the trial court* exercises the jurisdiction given it by the common law and the Constitution of the State of Texas, art. 5, §§ 1, 8. But the purely statutory jurisdiction given the district court to review the final orders of administrative agencies, a power given in APTRA § 19 and the numerous constitutive statutes pertaining to the several agencies and to other special proceedings, requires the court to exercise its special statutory power of decision in a special way, and in these proceedings the Texas Rules of Procedure may be irrelevant and even contradictory of the manner of proceeding directed by the Legislature in conferring the jurisdiction. For example, APTRA forbids the district court to exercise a fact-finding power except in the very limited instance where a party alleges and wishes to prove that *the agency record does* not reflect a procedural irregularity that occurred in the agency proceedings. APTRA § 19(d)(3). Consequently, in the ordinary suit under APTRA § 19, the Texas Rules of Civil Procedure applicable to issuable facts (Rules 166 through 215c), evidence and depositions (Rules 176 through 215c), and the jury in court (Rules 216 through 236, 248, 265, 268, and 271 through 295) are inapplicable and contradictory of the manner of proceeding authorized by AP-

371 (1967), provides that "[t]he record on appeal shall consist of a transcript and, where necessary to the appeal, a statement of facts." From the axiom that an appellate court may not consider any matter "outside the record," one may infer that the Court of Appeals may not validly consider an agency record unless it forms part of either the appellate transcript or the statement of facts. One may then argue that the agency record may not be included in the appellate transcript for two reasons: (1) the transcript is intended to include only those documents that reflect "proceedings in the trial court," Tex.R.Civ.P.Ann. 376 (Supp.1982), and when Rule 379 authorizes "original papers" to be sent to this Court on the trial judge's order, it therefore contemplates only documents which refer to "proceedings in the trial court"; and (2) agency records are often too large to be conveniently or affordably included in a transcript, suggesting that the Legislature probably intended that the record be "introduced in evidence" in order that it might conveniently and inexpensively be transmitted to the Court of Appeals as an original "exhibit." Tex.R.Civ.P.Ann. 379 (Supp. 1982). The agency record being thus disqualified from inclusion in the appellate transcript, one is permitted to conclude that the record may validly be transmitted to the Court of Appeals *solely* by means of the one remaining vehicle by which judicial documents may reach the Court of Appeals— introduction of the agency record in evidence in the district court so that it may be transmitted to the Court of Appeals under Rule 379 as an "original exhibit." We disa-gree on several grounds with this conclusion and the reasoning by which it is reached.

*First,* the reasoning and conclusion outlined above are inherently contradictory of the manner of judicial review established by APTRA for cases where review is based upon the agency record instead of trial de novo. Under APTRA § 19(d)(1), the agency is required to transmit to the reviewing court, "within the time permitted for filing an answer, ... the entire record of the proceeding under review" and "[t]he court may require or permit subsequent corrections or additions to the record." Nothing in APTRA suggests that the agency record be at any time "introduced in evidence." Indeed, such a provision would be an anomaly because APTRA prohibits the district court from receiving evidence as to any matter except alleged procedural irregularities, within the agency proceedings themselves, which are *not* included in the agency record transmitted to the district court. APTRA § 19(d)(3). The very *jurisdiction* conferred upon the district court by APTRA, where review is other than by trial de novo, is limited to questions of law regarding whether the agency's final order should be reversed for one or more of the six legal errors specified in APTRA § 19(e)(1)–(6), and these questions are to be determined solely from what the agency record shows *on its face.* In conducting this manner of judicial review in the ordinary case, the district court exercises *no* fact-finding power directed at evidence adduced before it. From this one is forced to conclude that the

TRA in cases where review is based upon the agency record and governed by the substantial evidence rule. It is therefore plain that not *all* the Texas Rules of Civil Procedure are applicable to *every* proceeding in the district courts of the State, even in non-criminal cases.

The rules promulgated by the Supreme Court of Texas result from its exercise of a limited power, for it may only establish rules of procedure "not inconsistent with the laws of the State." Const. of Tex. Art. 5, § 25, Tex.Rev. Civ.Stat.Ann. art. 1731a, § 2. Consequently, when a rule of the court conflicts with a statute, the rule must yield. *Few v. Charter Oak Fire Ins. Co.,* 463 S.W.2d 424, 425 (Tex.1971). In cases where the district court is called upon to review the orders of an administrative agency, in the exercise of a special jurisdiction given it by statute, "the rules governing civil actions generally apply only in so far as they are not in derogation of the purposes and objectives of the statute." *Standard Oil Co. v. Railroad Commission of Texas,* 215 S.W.2d 633, 636 (Tex.Civ.App.1948, n.r.e.). Consequently, where such a statute directs that the special proceeding be conducted "as in other civil causes," not each and every rule is thereby incorporated in the special proceeding, and only those suited to the nature of the special proceeding are applicable. *Leonard v. Small,* 28 S.W.2d 826, 830 (Tex.Civ.App.1930, writ ref'd).

introduction of evidence and the compilation of a statement of facts could have no discernable utility, function, or purpose; hence, it was probably *not* intended by the Legislature that the agency record be introduced in evidence following its transmission to the district court by the agency.[5]

Indeed, when APTRA § 19(d)(1) directs that the agency "transmit to the reviewing court the original or a certified copy of the entire record," with authority in the court to require or permit subsequent correction of the record or additions to it, the statute implies in the strongest possible terms that the agency *file* the record in the court to which it is transmitted. If this were not intended by the Legislature, there would be no justification or reason for requiring it to be transmitted to the reviewing court *by answer day,* as opposed to the day of final hearing in the district court, some months or even years afterwards, when "evidence" may be received. APTRA § 19(d)(1). Is one to assume the Legislature intended that the agency record remain in a state of neglect or oblivion until the day of final hearing? Obviously not, and the unquestionable intent behind APTRA § 19(d)(1) is that the agency record be *filed* in the reviewing court to which it is "transmitted" within the specified period of time, thereby permitting an immediate and objective determination *whether* its transmission is timely; allowing the parties sufficient time before final hearing to examine the record for completeness and accuracy, including whether it omits to reflect procedural irregularities occurring before the agency; affording the court an opportunity to require any necessary corrections or additions; and invoking in the clerk of the court a duty to see to the safekeeping of the agency record left by the agency in the custody of the court.

We think it rather obvious that on delivery of the agency record to the district court, pursuant to APTRA § 19(d)(1), the court is under a duty to receive the record and assume responsibility for it. The exchange of custody of the record can be nothing but a "proceeding" in the district court and the agency record can be nothing but a "paper" in the cause in which the agency appears by its answer. The record is, of course, "filed" when it is left in the custody of the court, regardless of whether a file mark is placed on it. *Standard Fire Ins. Co. v. LaCoke,* 585 S.W.2d 678, 680 (Tex.1979).

*Second,* the argument and conclusions outlined in the initial part of this opinion are inherently contradictory of the rules of procedure applicable to appeals "in civil cases generally".

The provisions of Tex.R.Civ.P.Ann. 376 (Supp.1982) and 376a (1967) pertain to transcripts. Rule 376 directs the clerk of the trial court to prepare and transmit to the appellate court "a true copy of the proceedings in the trial court." The rule directs the inclusion of numerous specific documents, as well as *"any filed paper either party may designate as material."* Rule 376a provides that the transcript shall be prepared in such form as may be directed by orders of the Supreme Court of Texas. Under this rule, the Supreme Court of Texas has promulgated an order that *"the [trial-court] judge may order any instrument included in the transcript which he deems proper"*; and has directed further that the transcript shall conclude with the clerk's certificate that the documents included therein are "true and correct copies of all the proceedings now on file and of record in [the clerk's] office." Thus, if the record of agency proceedings may be filed in the district court, it is plain that it may be included in the transcript for filing in the Court of Appeals, or, as discussed below, filed in the Court of Appeals as an "original paper" filed in the district court.

The argument that the agency record may not properly be included in the

---

5. Were we to hold that the party seeking judicial review is required to introduce the record into evidence in the district court, we would be required to presume that the Legislature performed a useless act in requiring the agency to transmit the record to the reviewing court by answer day. APTRA § 19(d)(1).

transcript, because the record is frequently very large, is invalid. Just as Rule 379 permits "original exhibits" to be transmitted to the Court of Appeals *in lieu of* copies thereof included in the statement of facts, *Food Machinery Corp. v. Moon,* 165 S.W.2d 773, 776 (Tex.Civ.App.1942, no writ), Rule 379 also permits "original papers" to be transmitted to the Court of Appeals *in lieu of* copies thereof included in the transcript:

> When the trial court is of the opinion that original *papers or exhibits* should be ... sent to the appellate court in lieu of copies, it may make such order therefor and for the safekeeping, transportation, and return thereof as it deems proper. ... The appellate court on its own initiative may direct the clerk of the court below to send to it any original *paper or exhibit* for its inspection.

(emphasis added). It is apparent that the word "paper" encompasses something different than what is included within the meaning of the other word "exhibit," the latter being a term used throughout the rules to describe documents or other articles introduced in evidence. *See e.g.,* Tex.R.Civ. P.Ann. 75a, 75b (1979). The word "paper" has been held to be not limited to "pleadings." *Calame v. Prudential Ins. Co.,* 423 S.W.2d 940, 941 (Tex.Civ.App.1968, no writ).

(The word "papers" as used in Tex.R.Civ.P. Ann. 74 [1979], prescribing the method for filing "pleadings, other papers, and exhibits," is not limited to "pleadings" because under Rule 74 "papers" may be filed with the trial judge, whether they are pleadings, exhibits, or "other papers.") The word "papers," as used in Rules 376 and 379, is properly construed to include the agency record because it must be filed in the district court wherein it forms the very basis of review.

■ Accordingly, we interpret the phrase "in the manner provided for civil actions generally" as evidencing the Legislature's intention that the agency record be filed in the first instance in the district court by the agency, allowing for its transmission to this Court as an "original paper" filed in the trial court.[6]

*Third,* if we are mistaken in the foregoing, it does not follow that the Commission is correct and the agency record may validly be brought to this Court solely by means of a statement of facts or as an "original exhibit," each of which presupposes that the agency record (or its contents) was tendered and received in evidence by the district court.

The Commission's position in the matter is untenable because it fails to allow for the

6. The decision in *Spring Branch Ind. School Dist. v. Lilly White Church,* 505 S.W.2d 620 (Tex.Civ.App.1973, no writ) is not to the contrary. There, the appellate court was urged to consider the contents of deposition transcripts as evidence on a disputed question of fact when the contents of the deposition transcripts had not been read in evidence at the hearing on a plea in abatement, nor had the transcripts been introduced in evidence, in their entirety, as exhibits. The contents of the deposition transcripts were thus not "evidence" in the case at all, the proponents of the transcripts having taken neither of the two permissible courses of action for introducing the contents in evidence. 2 McDonald, Texas Civil Practice § 10.02.17, pp. 456–57 (1982).

The court stated in *Lilly White Church* that the "depositions were not made part of the [appellate] transcript or of the statement of facts, and could not properly have been included therein," even though the deposition transcripts had evidently been filed in the case in the district court. 505 S.W.2d at 622. This statement by the court can only mean that the depositions

were not properly includable in the statement of facts because the proponents of their contents had taken neither of the two permissible courses of action for introducing their contents in evidence, that is, introduction of the deposition transcripts in evidence in their entirety; or reading their contents in evidence.

If one assumes that the phrase "could not properly have been included therein" refers as well to the antecedent "transcript," the statement remains true, of course, for the reason that the depositions were immaterial to the appeal, wherein the proponents of the depositions sought to use them against the trial court's ruling based upon an *evidentiary hearing.* Deposition transcripts, even though they are filed in the district court, do not constitute *evidence* although they may serve other purposes in the district court. *See e.g.,* Tex.R. Civ.P. 166–A(c), where by special provision the contents of filed deposition transcripts may be considered in the adjudication of motions for summary judgment, the receipt of oral testimony being prohibited in such adjudications.

controlling proposition that "evidence" may not be taken (except for the exceptional situation not applicable here) in the district court's judicial review under APTRA, when that review is based upon the agency record and not a trial de novo. APTRA § 19(d)(3). Thus, absolutely nothing is gained in weight or logical force by merely pointing out the incongruity of including the agency record in the appellate transcript, or bringing it to the Court of Appeals as an "original paper" filed in the district court—a greater incongruity results from introducing the agency record in "evidence" as an "exhibit" in a *purely statutory* cause of action in which the district court is positively forbidden to take evidence and expressly denied any fact-finding power. If the agency record may neither be filed in the district court nor introduced in evidence as an exhibit, then it is an article *sui generis* in the contemplation of rules of procedure and a statute which do not expressly specify a method for bringing that record before the appellate court as a judicial document, although APTRA expressly invokes the rules of procedure and expressly requires transmittal of the agency document to the district court and the Court of Appeals.

We are constrained to interpret the Rules of Civil Procedure liberally "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of *substantive* law." (emphasis added). Tex.R.Civ.P.Ann. 1 (1979). These rules were intended to facilitate rather than to hinder a speedy and final determination of the case on appeal from the district court; accordingly, it has long been held

> that where a practice is established by a rule of court, it is competent for the court so to adopt its exercise to prevent any particular oppression and to make it yield to the particular circumstances of the case.

*Smirl v. Globe Laboratories,* 144 Tex. 41, 188 S.W.2d 676, 678 (1945). Because APTRA § 20 requires that the agency record be brought before the Court of Appeals in *some* manner, the rules of civil procedure applicable to trial and appellate practice must yield to that statutory requirement, and we would still be required to hold that the agency record is properly before this Court, in this case, even though the wording of one or more rules may be inapt for the purpose. *See* our discussion in footnote four. (We do not, of course, believe the applicable rules to be inapt in that regard, as pointed out at length above; rather, we believe them to be well-suited to inclusion of the agency record in the transcript or to transmission of the record to this Court as an "original paper" filed in the district court.)

We recognize, of course, that a practice has developed of tendering and receiving the agency record in "evidence" in cases such as the present. We have often reviewed such records in appeals taken to this Court under APTRA § 20. Nevertheless, it has never been made a requirement that the record be introduced in "evidence." We will not require it now. We hold the agency record is properly before us for review.

Accordingly, we overrule the Commission's motion to dismiss the appeal or affirm the judgment below.

Motion for Affirmance or Dismissal Overruled.

SHANNON, Justice, dissenting.

I dissent.

A threshold question is presented by the Commission's motion for affirmance. The point of the Commission's initial motion is that Purolator, as appellant, had the duty to bring forward the agency record to this Court, and because it failed to do so, the judgment should be affirmed because there is nothing presented to this Court for review.

The facts underlying the Commission's motion for affirmance are as follows. Purolator's suit in district court was heard in February, 1982. Purolator did not request that a statement of facts be taken of that hearing, and, at that hearing, Purolator did not introduce the agency record into evidence. The district court thereafter signed the judgment sustaining the agency order.

Purolator filed the transcript with the Clerk of this Court on July 2, 1982. The transcript contained, among other things, pleadings of the parties in district court, orders of the court, correspondence, a certificate of payment of cash in lieu of appeal bond, a bill of costs, and the usual district clerk's certificate. The July 2 transcript did not refer, in any manner, to the record of the proceedings before the agency.

Only after the Commission filed its initial motion for affirmance, and some fifty-three days after it filed the original transcript, Purolator filed with the Clerk of this Court the first supplemental transcript. The supplemental transcript contains the following order signed by the district judge:

> It is hereby *ordered* that the Clerk of this Court transmit the agency record herein, Railroad Commission of Texas Transportation Docket No. 035851AIN, to the Clerk of the Court of Appeals for the Third Supreme Judicial District in its original form as a supplement to the transcript heretofore filed, pursuant to Rules 428 and 379, T.R.C.P., on said Court's Cause No. 13,771. [Emphasis appearing in the order]

The Commission then filed its "Motion to Strike Agency Record and First Supplemental Motion for Affirmance or Dismissal," calling upon this Court to dismiss the appeal or to affirm the district court's judgment.

The Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 20 (Supp.1982), governs appeals to the court of appeals from judgments of the district court rendered in administrative law cases. Section 20 provides that appeals may be taken "in the manner provided for in civil actions generally." To comply with

§ 20, this Court is required, accordingly, to refer to those Rules of Civil Procedure setting out the procedure for taking appeals in civil actions generally. The Rules of Civil Procedure, in general, and those Rules relating to the record on appeal, in particular, were adopted long before the concept of judicial review confined to an administrative record became law. Amendments to the Rules of Civil Procedure concerning the record on appeal, promulgated subsequent to 1976, have not addressed the matter of administrative appeals or administrative records. The Rules provide simply that the record on appeal in a civil case consists of a transcript and, where necessary to the appeal, a statement of facts. Tex.R.Civ.P. Ann. 371 (1982). It is plain that § 20 of the Act and Rule 371, taken together, require that in order for an agency record to be reviewed by an appellate court, the agency record must appear either as a part of the transcript or the statement of facts.

Purolator insists, and the majority of this Court has held, that the agency record may be brought to the appellate court as a part of the transcript and that Purolator brought the agency record to this Court in this appeal as a part of the first supplemental transcript. I do not agree that the transcript is the proper procedural vehicle for bringing up the agency record.

The transcript is a copy of the "proceedings in the trial court" which is prepared by the clerk of the trial court and is transmitted to the appellate court. Tex.R.Civ.P. Ann. 376 (Supp.1982). Rule 376 lists the documents to be included by the clerk in the transcript: pleadings, orders, the charge and the jury's verdict, or the findings of fact and conclusions of law, bills of exception, the judgment, and so on.[1] The tran-

---

1. Rule 376 provides in part:

   Upon the filing of the cost bond or deposit, the clerk of the trial court shall prepare under his hand and seal of the court and immediately transmit to the appellate court designated by the appealing party a true copy of the proceedings in the trial court, and, unless otherwise designated by agreement of the parties, shall include the following: the live pleadings upon which the trial was had; the

   order of the court upon any motions or exceptions as to which complaint is made, the charge of the court and the verdict of the jury, or the findings of fact and conclusions of law; bills of exception; the judgment of the court; the motion for new trial and the order of the court thereon; the notice of limitations of appeal with the date of giving or filing the same; any statement of the parties as to the matter to be included in the

script must be legibly duplicated, typewritten, or printed, and all the sheets upon which it is written must be securely fastened together. Tex.R.Civ.P.Ann. 376-a (1982).

A transcript is composed of documents which reflect the "proceedings in the trial court." Tex.R.Civ.P. 376 (1982). The administrative record is not, of course, a "proceeding in the trial court," but instead it reflects the proceedings had before an administrative agency. Furthermore, Rule 376 enumerates the documents to be included in the transcript. In my opinion, it is clear that an administrative record does not, and cannot, fit within that class of documents.[2]

Assuming, *arguendo,* that an agency record may be properly a part of the transcript, it is manifest that Purolator did not have that record made a part of the first supplemental transcript. The Rules require that the clerk of the trial court duplicate, type or print all documents to be included in the transcript and that all pages of the documents be "securely fastened" together. Tex.R.Civ.P.Ann. 376-a (Supp.1982). The agency record in this appeal, of course, was not "duplicated, typewritten or printed" and "securely fastened" together into the first supplemental transcript. Tex.R.Civ.P. Ann. 376-a (Supp.1982).

Purolator claims, and the majority has held, that Rule 379 allows the district court to order the clerk to send up the original agency record as "supplemental" to the transcript previously filed. I do not agree.

Rule 379 provides as follows:

> record; the bond on appeal or the certificate, affidavit, or notice in lieu of bond; a certified bill of costs, including the cost of the transcript and the statement of facts, if any, and showing any credits for payments made thereon; and any filed paper either party may designate as material.

2. Appellant's argument that the agency record is properly made a part of the transcript overlooks the fact that agency records frequently contain huge mounted photographs, maps, or charts. Is the district clerk, by some process, supposed to reduce such items to pages of

When the trial court is of the opinion that original papers or exhibits should be inspected by the appellate court or sent to the appellate court in lieu of copies, it may make such order therefor and for the safekeeping, transportation, and return thereof as it deems proper. The order shall contain a list of such original exhibits in numerical order, with a brief identifying description of each, and, so far as practicable, all such exhibits shall be arranged in the order listed and firmly bound together. The appellate court on its own initiative may direct the clerk of the court below to send to it any original paper or exhibit for its inspection.

Until today, there has been no uncertainty as to the role of Rule 379 in the appellate process. The Rule empowers the trial court to order original papers or exhibits to be sent up when there is a need for the appellate court to inspect them or when sending up original exhibits or papers will avoid a large copying expense. The phrase "original papers or exhibits" refers to items tendered and admitted into evidence in the trial of the case and not to items that may be on file with the clerk but not admitted into evidence. *Spring Branch Independent School District v. Lilly White Church,* 505 S.W.2d 620, 622 (Tex.Civ.App.1973, no writ); *See Gulf Oil Corporation v. Southland Royalty Company,* 478 S.W.2d 583, 590–91 (Tex.Civ.App.1972) aff'd, 496 S.W.2d 547 (Tex.1973). As previously written, the agency record in this appeal was never introduced into evidence, and it, like any other item on file with the clerk but not admitted into evidence, may not be brought up pursuant to Rule 379.

"octavo size" and fasten them into the transcript? If so, many such photographs and so on would be rendered practically useless for purposes of appellate review.

I may state, upon some authority, that agency records often contain many thousands of pages and hundreds of exhibits. On occasion, such records are brought to the office of the Clerk of this Court in numerous boxes on freight dollies. Inclusion of such a record into a transcript would render the transcript too unwieldy for use by the appellate court and unspeakably expensive.

The majority's view, if law, may well prove disruptive to the orderly administration of appellate justice. For example, an appellant, as here, may file only a transcript without tendering the agency record in any form. Thirty days thereafter appellant will file its brief. Tex.R.Civ.P.Ann. 414 (1983). Twenty-five days later appellee is required to file its brief. Appellee, realizing that appellant has not brought up the agency record, then will prepare and file a brief praying for an affirmance upon the basis that there is no agency record from which appellant can demonstrate error by the agency or the district court. Upon receipt of appellee's brief, if the majority's view is correct, all the appellant is required to do is to prepare a Rule 379 order, have the trial court sign it, and then send up the record by a supplemental transcript. Obviously, the appellee will then be required to re-brief the case thereby further delaying the final disposition of the appeal.

Finally, it may be of some moment that, should the majority's view be adopted, the appellate court will be placed in the unusual stance in our jurisprudence of being required to refer to the transcript in place of the statement of facts in its review of the evidence.

Because an agency record cannot properly be a part of the transcript, the party seeking judicial review in district court should offer, and the court should admit, the administrative record into evidence as an exhibit. Shannon and Ewbank, The Texas Administrative Procedure and Texas Register Act Since 1976—Selected Problems, 33 Baylor L.Rev. 393 (1981). The admission of the agency record into evidence is thereby reflected by the statement of facts. The appealing party, thereafter, may obtain an order from the district court pursuant to Rule 379 to send up to the appellate court the administrative record as an original exhibit. By this procedure, the administrative record is filed in the appellate court as an exhibit to a statement of

facts in the manner provided for in civil cases generally as required by § 20. The appellate court is thereby assured that the record was brought to the attention of the trial court, and that the court limited its review to the record before the agency. In addition, this procedure is inexpensive since the statement of facts need not be more than a few pages and the original administrative record comes up as an original exhibit at no cost to the appealing party.[3]

The agency record is not properly before this Court so that we may evaluate and determine Purolator's contentions on appeal. The agency's final order is presumed to be valid. *City of San Antonio v. Texas Water Commission,* 407 S.W.2d 752 (Tex. 1966). Because Purolator has failed to show error in the agency or in district court, it is the duty of this Court to affirm the judgment of the district court and I would do so. *Basin, Inc. v. Railroad Commission of Texas,* 613 S.W.2d 800 (Tex.Civ. App.1981, no writ).

---

3. Effective September 1, 1983, the Administrative Procedure and Texas Register Act, Tex. Rev.Civ.Stat.Ann. art. 6252–13a § 19 provides

that the agency record is to be filed with the clerk of the trial court and is to be offered and admitted into evidence.