Crystal Amber JOHNSON, by her Next Friends, Teresa JOHNSON and Andy Johnson, Teresa Johnson & Andy Johnson, Appellants,

v.

Kai Tung LI, M.D., Kai Tung Li, M.D. P.A., Lederle Laboratories, Inc., a Division of American Cyanamid Company, Appellees.

No. 02–88–138–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 1, 1988.

Mark J. Zimmerman, Shank, Irwin, Conant, Lipshy & Casterline, Dallas, for appellants.

Stephen L. Tatum, Cantey & Hanger, Forth Worth, Richard L. Josephson, Baker & Botts, Houston, for appellees.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

## OPINION ON MOTION TO SUPPLEMENT APPELLATE RECORD

JOE SPURLOCK, II, Justice.

This is a products liability and medical malpractice case wherein appellants (plaintiffs) seek to supplement the appellate record with the deposition of appellee (defendant) Dr. Li and the deposition of a non-party, Jamie Bellomy. Appellants claim the depositions in question are necessary for them to show the harmfulness of the trial court's alleged error in permitting testimony concerning evidence which appellants assert Dr. Li withheld during pre-trial discovery proceedings. This court previously denied appellants' motion to supplement the record; in their pending motion appellants request we reconsider our prior order and allow supplementation of the appellate record with both depositions.

We deny appellants' motion for reconsideration, and will not permit supplementation of the appellate record.

The trial in this case occurred after the new rules of civil procedure went into effect on January 1, 1988. TEX.R.CIV.P. 206 was changed by the Texas Supreme Court so that the court reporter taking a deposition no longer files the original of the deposition with the district court clerk. The deposition is now given to the "custodial attorney," i.e., the attorney or party who asks the first question in the deposition. The court reporter is required to file a certificate with the clerk of the court in which the cause is pending, indicating the deposition was properly taken, specially stating the deposition transcript was delivered to the custodial attorney. *Id.* The deposition of Dr. Li was taken prior to the new rules and was filed with the district clerk on April 23, 1986. Because this deposition cannot be located, appellants seek to substitute a certified copy in lieu of the original, in accordance with TEX.R.APP.P. 50(e). Bellomy's deposition was apparently taken after January 1, 1988 and was not filed in the district court, although a certificate pursuant to new rule 206 was filed with the clerk of the trial court on March 18, 1988.

Appellants contend that inasmuch as Dr. Li's deposition *was* filed with the trial court clerk (not as an "exhibit" during trial, but pursuant to the then-standard rules of civil procedure requiring all depositions to be filed with the clerk prior to trial), it should, upon request, automatically be included in the appellate record.

With regard to Bellomy's deposition, appellants request that pursuant to the authority of TEX.R.APP.P. 55(b) we issue an order directing the district clerk to file Bellomy's deposition and transmit it as part of the appellate record. Rule 55(b) provides in pertinent part:

> If anything material to either party is omitted from the transcript or statement of facts, before submission ... the appellate court ... may direct a supplemental record to be certified and transmitted by the clerk of the trial court.... The appellate court shall permit it to be filed unless the supplementation will unreasonably delay disposition of the appeal.

*Id.*

 Although not discussed by any of the parties, the rule of law is that if depositions are not introduced into evidence at trial, either by reading the contents into evidence, or introducing the deposition transcripts in their entirety as exhibits, the depositions are not properly made a part of the transcript or of the statement of facts, and are therefore not properly before the appellate court and should not be considered by that court. *Mooney v. Producers Grain Corp.*, 531 S.W.2d 699, 700 (Tex. Civ.App.—Amarillo 1975, no writ); *Spring*

*Branch Ind. Sch. Dist. v. Lilly White Church,* 505 S.W.2d 620, 622 (Tex.Civ.App. —Houston [1st Dist.] 1973, no writ). The *Spring Branch* case was discussed in *Purolator Armored v. Railroad Com'n. of Texas,* 662 S.W.2d 700 (Tex.App.—Austin 1983, no writ) which dealt with whether an agency's record must first be filed by the agency in the district court, allowing for its transmission to the appellate court as an "original paper" filed in the trial court. *Id.* at 705. Although the *Purolator* case is not factually in point, the case does contain an interesting footnote discussing the issue with which we are confronted:

> [6] The decision in *Spring Branch Ind. School Dist. v. Lilly White Church,* 505 S.W.2d 620 (Tex.Civ.App.1973, no writ) is not to the contrary. There, the appellate court was urged to consider the contents of deposition transcripts as evidence on a disputed question of fact when the contents of the deposition transcripts had not been read in evidence at the hearing on a plea in abatement, nor had the transcripts been introduced in evidence, in their entirety, as exhibits. *The contents of the deposition transcripts were thus not "evidence" in the case at all,* the proponents of the transcripts having taken neither of the two permissible courses of action for introducing the contents in evidence. 2 McDonald, Texas Civil Practice sec. 10.02.17, pp. 456–57 (1982).

The court stated in *Lilly White Church* that the "depositions were not made part of the (appellate) transcript or of the statement of facts, and could not properly have been included therein," even though the deposition transcripts had evidently been filed in the case in the district court. 505 S.W.2d at 622. *This statement by the court can only mean that the depositions were not properly includable in the statement of facts because the proponents of their contents had taken neither of the two permissible courses of action for introducing their contents in evidence,* that is, introduction of the deposition transcripts in

evidence in their entirety; or reading their contents in evidence.

If one assumes that the phrase "could not properly have been included therein" refers as well to the antecedent "transcript," the statement remains true, of course, for the reason that the depositions were immaterial to the appeal, wherein the proponents of the depositions sought to use them against the trial court's ruling based upon an *evidentiary hearing. Deposition transcripts, even though they are filed in the district court, do not constitute evidence* although they may serve other purposes in the district court. *See e.g.,* TEX.R.CIV. P. 166–A(c), where by special provision the contents of filed deposition transcripts may be considered in the adjudication of motions for summary judgment, the receipt of oral testimony being prohibited in such adjudications.

*Id.* at n. 6 (emphasis added). *See also Wright v. Gifford–Hill & Co., Inc.,* 736 S.W.2d 828, 835 n. 2 (Tex.App.—Waco 1987, writ ref'd n.r.e.), holding that a deposition which was not admitted during the trial on the merits could not be considered in an appeal on the merits.

This same rule of law has been applied to cases decided since January 1, 1988. *Deerfield Land Joint Venture v. Southern Union Realty Co.,* 758 S.W.2d 608 (Tex.App. —Dallas 1988) was an opinion disposing of a motion to supplement the appellate record.[1] *Deerfield* concerned an appeal from a summary judgment. During pretrial discovery seven depositions were transcribed and tendered by the parties to the clerk of the district court, who, relying upon new TEX.R.CIV.P. 206, declined to file the complete texts of the depositions and filed only copies of the court reporters' certificates. When the parties sought to supplement the appellate record with the complete transcripts of these depositions, the appellate court held that the depositions, not having been before the trial court, were not properly a part of the record on the appeal. At 610. Nonetheless, the parties still requested the depositions be included in the record on appeal because the parties agreed these doc-

---

1. We note that the court of appeals has not yet

disposed of the appeal on the merits.

uments were "material" to the appeal, relying upon TEX.R.APP.P. 55(b)—the same rule upon which appellants in the instant case rely. *See* at 610.

In *Deerfield,* the court discussed the changes in the procedure mandated by TEX.R.CIV.P. 206, and further considered the parties' request to include the depositions as material to the appeal under TEX. R.APP.P. 55(b). The court concluded by denying the motion to supplement, stating: "For us to consider evidence for the first time, never presented to the trial court, would effectively convert this Court into a court of original, not appellate, jurisdiction.... We lack authority to accept the depositions tendered by the parties." At 610.

We find the reasoning and holdings of the cases referred to herein are applicable to the case at bar. Inasmuch as the two depositions in the instant case were never read into evidence, nor were they introduced in their entirety as exhibits,[2] the law is clear that this court has no authority to consider these depositions; therefore, they should not be included in the appellate record. Appellants' motion for reconsideration of our prior order denying appellants leave to supplement the appellate record with these depositions is denied.

Dan C. Dargene, Kemp, Smith, Duncan & Hammond, El Paso, for relator.

Evelina Ortega, Caballero & Panetta, El Paso, for respondent.

Jack Ferguson, Judge, County Court at Law No. 3, El Paso, pro se.

SCHULTE, FULLER and WOODARD, JJ.

**2.** In their motion, appellants do not assert that the depositions were either read into evidence, or introduced in their entirety as exhibits.