**OFFICE OF PUBLIC UTILITY COUNSEL, Appellant,**

v.

**PUBLIC UTILITY COMMISSION OF TEXAS and Houston Lighting & Power Company, Appellees.**

No. 3–92–518–CV.

Court of Appeals of Texas, Austin.

April 7, 1993.

Rehearing Overruled Sept. 15, 1993.

Stephen Fogel, Office of Public Utility Counsel, Austin, for Office of Public Utility Counsel.

Robert J. Hearon, Jr., Graves, Dougherty, Hearon & Moody, Austin, for Houston Lighting & Power Co.

Dan Morales, Atty. Gen., Norma K. Scogin, Asst. Atty. Gen., Austin, for Public Utility Com'n of Texas.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

ORDER

PER CURIAM.

Appellant Office of Public Utility Counsel ("OPUC") appeals from a judgment of the district court of Travis County affirming a final order of appellee Public Utility Commission of Texas (the "Commission"). *See* Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a (West Supp.1993) ("APTRA"). OPUC has filed a motion requesting this Court to allow the late filing of a statement of facts. Accordingly, we must consider

the way in which a party properly files an agency record in the appellate court.

In the underlying cause, the district court rendered judgment on August 21, 1992. OPUC timely perfected its appeal on September 18, 1992. Tex.R.App.P. 40(a)(2), 41(a)(1). On February 22, 1993, OPUC filed its motion to allow a late-filed statement of facts and tendered a statement of facts to this Court. The statement of facts contains the argument of counsel before the district court and also documents the admission into evidence of the agency record. *See* APTRA § 19(d)(3) (party seeking judicial review shall offer, and reviewing court shall admit, agency record into evidence as exhibit); *State Banking Bd. v. Valley Nat'l Bank,* 604 S.W.2d 415, 418–19 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.). The statement of facts was due to be filed in this Court on October 20, 1992; a motion for extension of time within which to file the statement of facts was due fifteen days later. Tex.R.App.P. 54(a), (c).

■ This Court has no jurisdiction to consider a late-filed motion for extension of time to file a statement of facts. *Wells v. Kansas Univ. Endowment Ass'n,* 825 S.W.2d 483, 487 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Snead v. Texas State Bd. of Medical Examiners,* 753 S.W.2d 809, 810 (Tex.App.—Austin 1988, no writ); *see Trans–Continental Properties v. Taylor,* 717 S.W.2d 890, 891 (Tex.1986); *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 862 (Tex.1982). OPUC complied with APTRA section 19(d)(3) by offering the agency record into evidence and obtained a statement of facts; we see no reason why we should not require OPUC to comply with the rules for filing a statement of facts in this Court. *See* AP-

TRA § 20 (party may take appeal from district-court final judgment in manner provided for in civil actions generally). Accordingly, we overrule the motion to allow a late-filed statement of facts.

■ Nevertheless, we consider whether OPUC may still file the agency record in this Court. The Clerk of this Court marked the agency record "received" on November 5, 1992. We have previously filed an agency record if the appellate record received in this Court reflects that the reviewing court admitted the agency record into evidence. Generally, an order to transmit original exhibits stating that the reviewing court considered the record or admitted it into evidence suffices.[1] *See* Tex.R.App.P. 51(d). Such an order is then analogous to an agreed or narrative statement of facts. *See* Tex.R.App.P. 53(i).

The transcript in the instant cause includes an "Order to Include Original Exhibits in Transcript On Appeal" that provides "that all original exhibits [sic] with this [the trial] Court ... be included in the record on appeal ... in lieu of copies of the same."[2] The order does not list which original papers or exhibits are to be tendered to this Court. *See* Tex.R.App.P. 51(d). Assuming that the phrase "all original exhibits" includes the agency record, the district court order does not indicate whether the district court admitted the agency record into evidence. *See Gulf Oil Corp. v. Southland Royalty Co.,* 478 S.W.2d 583, 590–91 (Tex.Civ.App.—El Paso 1972), *aff'd,* 496 S.W.2d 547 (Tex.1973); *Food Mach. Corp. v. Moon,* 165 S.W.2d 773, 776 (Tex.Civ.App.—Amarillo 1942, no writ). In this regard, the agency record is no different from a deposition, filed with

---

1. In *Purolator Armored, Inc. v. Railroad Commission,* 662 S.W.2d 700 (Tex.App.1983, no writ), this Court discussed the procedure for filing the agency record on the authority of a district-court order allowing the filing of "original papers or exhibits." *Id.* at 703–06. At the time of that proceeding, APTRA § 19 did not require the district court to admit the agency record into evidence. Administrative Procedure and Texas Register Act, 64th Leg., R.S., ch. 61, § 19(d)(3), 1975 Tex.Gen.Laws 147 (APTRA § 19(d)(3), since amended); *see Snead v. Texas State Bd. of Medical Examiners,* 753 S.W.2d 809,

810 n. 2 (Tex.App.1988, no writ); *see also Southern Union Gas Co. v. Railroad Comm'n,* 701 S.W.2d 277, 281 (Tex.App.—Austin 1985, writ ref'd n.r.e.).

2. In general appellate practice, such an order would allow the filing of the original exhibits, instead of copies, as part of the statement of facts. *See* Tex.R.Civ.P. 75b(b) (court reporter may withdraw original exhibits when necessary to transmit to appellate court).

the district clerk, but not made a part of the evidence in the trial court. *Johnson v. Li*, 762 S.W.2d 307, 308 (Tex.App.—Fort Worth 1988, writ denied); *Mooney v. Producers Grain Corp.*, 531 S.W.2d 699, 700 (Tex.Civ.App.—Amarillo 1975, no writ); *Spring Branch Indep. Sch. Dist. v. Lilly White Church*, 505 S.W.2d 620, 622 (Tex. Civ.App.—Houston [1st Dist.] 1973, no writ). The order here is an insufficient basis on which to file the agency record.

For the foregoing reasons, we overrule OPUC's motion for late-filed statement of facts and decline to file the agency record in this cause.