

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00373-CV

Sarah Friend **NEUTZE**,
Appellant

v.

**TEXAS FARMERS INSURANCE COMPANY** and James 'Doug' Wasson, II,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2016-02-30997-CV
Honorable Camile Glasscock Dubose, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: July 21, 2021

AFFIRMED

This dispute concerns multi-district litigation (MDL) pretrial rulings involving Sarah Friend Neutze's homeowner's insurance policy with Texas Farmers Insurance Company (Farmers). In accord with the jury's verdict, the trial court entered a take nothing judgment. Neutze asserts that the MDL court's pretrial rulings, predicated on its interpretation of the insurance policy, resulted in the erroneous exclusion of evidence at trial. We affirm.

## BACKGROUND

In 2013, Farmers issued a homeowner's insurance policy to Neutze. On June 12, 2014, a tornado resulted in significant damage to Neutze's property, and Neutze submitted a claim. Farmers inspected Neutze's property and agreed the loss was covered. Prior to litigation, Neutze asserted that Farmers had delayed payments to her, leaving her property vulnerable to additional damage, and that Farmers did not pay all sums owing under the policy, preventing her from making all necessary repairs. Farmers maintained it paid Neutze properly under the policy. Because of these differences, Farmers and Neutze could not agree on the amount owed under the policy.

On February 1, 2016, Neutze filed suit alleging breach of contract, violations of the Texas Insurance Code, violation of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing.

On June 20, 2016, Neutze's case was transferred to a MDL panel for pretrial proceedings. Over three years later, on September 13, 2019, Farmers filed a request for pretrial rulings from the MDL panel. On September 20, 2019, a pretrial conference was heard by the presiding MDL panel judge, and on September 23, 2019, an order was issued determining certain pretrial issues and remanding the case to the district court for trial.

After remand, Neutze sought and obtained a trial continuance while she pursued mandamus relief from this court and the Texas Supreme Court. All mandamus relief was denied, and trial was reset to February 2020. No record was taken of the trial other than an offer of proof. The record does not contain any objections to the charge submitted to the jury, and Neutze does not complain of charge error on appeal. After deliberations, all twelve jurors answered "no" for each cause of action submitted, and the trial court entered a take nothing judgment. On appeal, Neutze filed a motion to supplement the record with additional deposition testimony not considered below. We address this motion before considering the appeal.

## MOTION TO SUPPLEMENT RECORD

On February 4, 2021, Neutze filed in this court a motion to supplement the record pursuant to Texas Rule of Appellate Procedure 38.7, asserting that justice requires supplementation of the record with additional deposition testimony. *But see* TEX. R. APP. P. 38.7 (authorizing amendment and supplementation of *briefs*). The deposition testimony tendered by Neutze for the first time on appeal is improper because it was not before the trial court. *BNSF Ry. Co. v. Wipff*, 408 S.W.3d 662, 666–67 (Tex. App.—Fort Worth 2013, no pet.); *see also Johnson By Johnson v. Li*, 762 S.W.2d 307, 310 (Tex. App.—Fort Worth 1988, writ denied) ("For us to consider evidence for the first time, never presented to the trial court, would effectively convert this Court into a court of original, not appellate, jurisdiction."). Therefore, we deny Neutze's motion to supplement and now turn to the appeal.

## STANDARD OF REVIEW

On appeal, Neutze asserts the erroneous exclusion of testimony resulted in rendition of an improper judgment. We review exclusion of evidence for abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex.2005); *Singh v. Payan*, 04-17-00111-CV, 2018 WL 4096402, at *1–2 (Tex. App.—San Antonio Aug. 29, 2018, no pet.) (citing *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 718 (Tex. 1998)). A trial court abuses its discretion where it acts without reference to guiding principles or rules. *Singh*, 2018 WL 4096402, at *1 (citing *Enbridge Pipelines (E. Tex.) L.P. v. Avinger Timber, LLC*, 386 S.W.3d 256, 262 (Tex. 2012)). The trial court's ruling must be upheld if there is any legitimate basis in the record to support the ruling. *Id.*

To obtain a reversal of a judgment based on the erroneous exclusion of evidence, an appellant must show (1) the trial court's ruling was in error, and (2) the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex.

2001); *Singh*, 2018 WL 4096402, at *1. To show harm, the excluded evidence must be controlling on a material issue and not cumulative of other evidence. *Singh*, 2018 WL 4096402, at *1.

**ANALYSIS**

Parties may waive their right to a record. *See* TEX. R. APP. P. 13.1(a); *Asemota v. E & R Generation Footwear Corp.*, 01-10-00044-CV, 2011 WL 5428966, at *1 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, no pet.). Absent a record of trial proceedings, we must presume that sufficient evidence supports the trial court's judgment. *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *Asemota*, 2011 WL 5428966, at *2 (citing *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987) (holding that absent record, reviewing court must presume that evidence before trial court was adequate to support decision)). Neutze apparently waived her right to a trial record.

Assuming without deciding Neutze could show error, because there is no record of trial proceedings, she cannot show harm. The record does not reflect an objection by Neutze to the lack of a record, and Neutze does not complain over the lack of a record on appeal. *See Reyes v. Credit Based Asset Servicing & Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.) ("[I]n order to preserve the error for appeal, a party has the burden of objecting to the court reporter's failure to record the proceedings."). The only record before us is Neutze's offer of proof. Absent a record of trial proceedings, we cannot assess whether the exclusion of evidence constituted harmful reversible error. *See Singh*, 2018 WL 4096402, at *2; TEX. R. APP. P. 44.1(a)(1). We do not know who was called at trial, what they testified to, what evidence was admitted, or whether the complained-over exclusions would be cumulative of other evidence presented to the jury. *See Singh*, 2018 WL 4096402, at *1 (noting excluded evidence must not be

cumulative of other evidence to show harm). Neutze's failure to secure a record is dispositive of all issues. Finding no harm, we affirm the trial court's judgment.

Lori I. Valenzuela, Justice